[No. 33074. Department Two. April 21, 1955.]

MAY I. HANSEN, *as Executrix, Appellant,* v. JOHNNIE WALKER *et al., Respondents.*[1]

[1]Reported in 282 P. (2d) 829.

*Velikanje, Velikanje & Moore, Elery A. Van Diest*, and *Robert I. Bounds*, for appellant.

*Tunstall & Hettinger*, for respondents.

ROSELLINI, J.—This action was instituted by John B. Hanson, doing business as Valley Plumbing & Heating, against respondents to foreclose a labor and materialmen's lien; prior to the trial he died, and May I. Hansen, as executrix of the estate of John B. Hanson, deceased, was substituted as party plaintiff. The action was based upon the furnishing of labor and material for the construction of plumbing and heating facilities in a motel owned by respondents. We shall hereafter refer to Mr. Hanson as the contractor.

The respondents entered a general denial and pleaded three affirmative defenses and cross-complaints. In the first, they alleged a breach of warranty that the heating system would be designed and installed according to the best engineering practices and standards, for which breach, in accordance with an alleged promise that the respondents would be charged nothing if the system did not function satisfactorily, they demanded a refund of the money paid by them on the contract. In their second affirmative defense and cross-complaint, respondents alleged that, due to the negligence of the contractor in installing and testing the heating facilities, their real estate was damaged in the amount of ten thousand dollars. The third affirmative defense and cross-complaint is immaterial to this appeal.

In the course of its memorandum opinion, the court stated that the respondents had abandoned their second cause of action based upon negligence, and it refused to reopen the case to receive evidence of damages to the real estate under this cause of action. It found that they had proven the contract substantially as alleged except for the promise to charge nothing for the work if it was not satisfactory. It further found a substantial and irremediable breach on the part of the contractor, and noted that the proper measure of damages was the difference between the value of the de-

fective structure and that of the structure if properly completed. The court concluded:

"There being no evidence upon which the court can determine this difference in value, and it appearing that the plaintiff has been paid in full for all plumbing charges, judgment will therefore be entered against the plaintiff upon his complaint and in favor of the defendants upon their affirmative answer and cross-complaint, but without damages."

Thereafter the trial court by written order reopened the case for the purpose of presenting testimony

". . . as to the difference in value of the building as constructed with the radiant heating system therein, and the value of said building had the radiant heating system been constructed in accordance with the terms of the construction contract between John B. Hanson and the defendants."

The trial court, upon the evidence presented pursuant to the reopening, entered a judgment in favor of respondents in the amount of $7,194.68.

Appellant makes four assignments of error, all of which, as she admits, are based upon the contention that the trial court erred in granting the motion to reopen and in taking further testimony in regard to damages upon a cause of action that had been abandoned.

■ Appellant has come before this court without a statement of facts; and it is impossible for us to determine whether the acts of respondents' attorney during the trial amounted to an abandonment, waiver, or election, since we do not know what those acts were. In the absence of a statement of facts, this court cannot consider assignments of error which cannot be determined without reference to the evidence. *Potts v. Nelson*, 36 Wn. (2d) 764, 220 P. (2d) 544 (1950). The same reasoning applies to assignments that require consideration of the conduct of counsel during the trial.

■ As a substitute for the statement of facts, appellant offers the memorandum decision, filed two months before the order to reopen the case was entered. The memorandum decision is referred to in the preamble to the findings of fact

and conclusions of law. We have held that a memorandum decision may not, in this court, be made to take the place of a statement of facts. *Lee v. Gorman Packing Corp.*, 154 Wash. 376, 282 Pac. 205 (1929). *Spokane Sav. & Loan Soc. v. Park Vista Imp. Co.*, 160 Wash. 12, 294 Pac. 1028 (1930).

Appellant cites *Lubich v. Pacific Highway Transport*, 32 Wn. (2d) 457, 202 P. (2d) 270 (1949), to avoid this holding. In that case, we considered a memorandum opinion, specifically referred to and identified in an order sustaining a demurrer, to determine on what ground the court sustained the demurrer. However, the memorandum was immaterial, for, as we said there, we will affirm the sustaining of a demurrer if it can be sustained on any ground urged before this court. The case is not authority for the proposition that such a memorandum, when embodied in the transcript, can take the place of a statement of facts. See, also, *Williams v. Bevis*, 152 Wash. 469, 278 Pac. 193 (1929); *Clifford v. State*, 20 Wn. (2d) 527, 148 P. (2d) 302 (1944).

The appellant strenuously argues that the court erred in reopening the case to take evidence upon respondents' second cross-complaint, which was based upon negligence and which, appellant claims, was abandoned at the trial. On the record before us, it is evident that the case was reopened to take testimony on the amount of damages sustained by the respondents as a result of the breach of contract.

Appellant does not claim that the result was unjust or that she was prejudiced by the reopening of the case. Interest was awarded only from the date of final judgment; and there is no contention that due to the delay appellant was unable to secure rebuttal testimony. The reopening of a case for the taking of further testimony is always a matter that rests in the sound discretion of the trial court, which we will not disturb in the absence of a showing of abuse of discretion or the exercise of arbitrary and capricious action by the trial judge. *Turpen v. Johnson*, 26 Wn. (2d) 716, 175 P. (2d) 495 (1946).

The record does not reveal the ground on which the motion to reopen was granted. In the absence of a showing

to the contrary, it must be presumed that some valid ground existed. See *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272 (1953). Consequently, we can find no abuse of discretion.

 No error is assigned to the findings of fact; they are therefore conclusively presumed to be correct. *State ex rel. Welch v. Seattle School Dist.,* 45 Wn. (2d) 6, 272 P. (2d) 617 (1954); Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. In that situation, the only question presented for review is whether the findings of fact support the conclusions of law and the judgment based thereon. *Levas v. Massachusetts Bonding & Ins. Co.,* 21 Wn. (2d) 562, 152 P. (2d) 320 (1944); *Ewing v. Ford,* 31 Wn. (2d) 126, 195 P. (2d) 650 (1948).

According to the findings, the contractor undertook by his contract to design and install a heating system adequate to heat ten motel units throughout the temperature ranges to be expected in the Yakima area. The trial court expressly found:

"That said heating system is not adequate to properly heat said units to normal room temperatures throughout ranges to be expected in the Yakima area, because: (1) The copper tubing in the floors of said units is spaced from 12 to 14 inches apart instead of 6 to 8 inches apart as required by minimum standards of construction of such heating methods. (2) The gravel bed upon which said floors are laid is two inches thick instead of six inches thick as required by minimum standards of construction of such heating methods. (3) There is no insulation between the concrete floor slabs and said gravel as required by minimum standards of construction of such heating systems. (4) There is no perimeter insulation of said slab floors. (5) The return line carrying cooled water to the boiler is too small to accommodate the required return flow of water from said heating coils to said boiler. That said system was designed without adequate compensation for the expansion and contraction of said main lines and lines connecting said main lines to said heating coils, which has resulted in repeated breaks in said lines requiring repeated and extensive repairs as frequently as 33 times to the date of the first trial hereof."

 For this breach of contract, the court fixed damages under the rule set forth in its order to reopen. The parties

stipulated that this rule, approved in *White v. Mitchell*, 123 Wash. 630; 213 Pac. 10 (1923), is proper. Upon the above findings, the court properly entered judgment for respondent.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

[1]Reported in 282 P. (2d) 827.