[No. 35831. Department One. December 22, 1961.]

WARREN THORP, *Appellant*, v. STANDARD OIL COMPANY OF CALIFORNIA, *Respondent*.*

*Greive & Law*, by *R. R. Bob Greive* and *Roderick D. Dimoff*, for appellant.

*Helsell, Paul, Fetterman, Todd & Hokanson* and *Richard W. Bartke*, for respondent.

PER CURIAM.—The plaintiff appeals from a summary judgment which dismissed his claim to recover damages for personal injuries.

Our review of this case has disclosed that the plaintiff

*Reported in 367 P. (2d) 149.

has not provided this court with a complete record of the proceedings in the trial court which is necessary to our proper consideration of the assignments of error.

The judgment of the trial court, appearing in the transcript on appeal, recites in part:

"THIS MATTER having come on regularly for hearing on August 19, 1960, before the undersigned Judge of the above entitled court, upon defendant's motion for summary judgment, . . . *and the Court having read the files and records herein and the affidavits submitted by the respective parties and the deposition of plaintiff, and plaintiff having testified in open Court and counsel having argued the matter and the Court being fully advised in the premises;* . . ." (Italics ours.)

The plaintiff's testimony in open court, referred to in the italicized portion of the trial court's judgment, has not been produced in the record on this appeal. Furthermore, certain affidavits, relied upon by the plaintiff, appear in the transcript on appeal rather than in a statement of facts. In order for this court to consider affidavits which appear only in the transcript, they must be identified in the judgment or identified as supporting or opposing a motion to which they relate. The affidavits have not been identified in the instant case; therefore, they are not a part of the record before this court. *Zarelli v. Superior Distributing Corp.*, 51 Wn. (2d) 154, 316 P. (2d) 465 (1957) and *State v. Fackrell*, 44 Wn. (2d) 874, 271 P. (2d) 679 (1954).

As the plaintiff's assignments of error are directed to findings made by the trial court, their proper determination cannot be made without reference to all the evidence considered by the trial court. *Hansen v. Walker*, 46 Wn. (2d) 499, 282 P. (2d) 829 (1955).

The judgment of the trial court is affirmed.