91 N.J. Super. 540 (1966)
221 A.2d 751
LOUIS GEORGE IMPERATO, JR. AND ROBERT SCHWARZ, PLAINTIFFS-RESPONDENTS,
v.
ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF TENAFLY, NEW JERSEY, GEORGE LEVITIN, ORLANDO MINETTO, JR. AND HAROLD J. ANTHONY, BUILDING INSPECTOR OF THE BOROUGH OF TENAFLY, NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1966.
Decided June 30, 1966.
*541 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Lawrence G. Goodman argued the cause for appellants George Levitin and Orlando Minetto, Jr. (Messrs. Goodman & O'Dea, attorneys).
Mr. Marvin H. Gladstone argued the cause for respondents (Mr. Walter H. Jones, attorney).
Mr. Donald W. deCordova argued the cause on behalf of defendants zoning board of adjustment and building inspector.
*542 PER CURIAM.
Defendants Levitin and Minetto appeal from an interlocutory judgment of the Law Division remanding to the Planning Board of the Borough of Tenafly their application for a variance to permit a redivision of their properties. Our leave to appeal was restricted to the procedural question involved.
Defendant Levitin is the owner of a lot containing approximately 65,000 square feet whose only access to Leroy Street, the nearest public highway, is through a corridor 16 feet wide and 175 feet long, having a grade in excess of 20%. Defendant Minetto owns the adjacent lot which has a total area of approximately 6,250 square feet, but has access over Victoria Lane, a dedicated way which has been neither accepted nor vacated by the municipality. It is some 50 feet wide, and the central portion, some 16 feet in width, has been paved. The paving appears to have been done at the expense of one or more of the adjacent property owners, and there is no contention that it conforms to the paving specifications of the borough.
Levitin and Minetto made joint application to the planning board to redraw the boundaries of their properties so as to create two lots, approximately equal in size. The properties were located in a zone which required a minimum lot size of 40,000 square feet, whereas each proposed lot was to be 35,835 square feet in area. Because the proposed lots would be undersized, their application to the planning board for the redivision was denied. A municipal planning board is bound by the express provisions of the local zoning ordinance and is precluded from approving subdivisions which are violative of such provisions. N.J.S.A. 40:55-1.15; Popular Refreshments, Inc. v. Fuller's Milk Bar and Recreation Center, Inc., 85 N.J. Super. 528 (App. Div. 1964), certification denied 44 N.J. 409 (1965); see Smilow v. City of Orange Planning Board, 58 N.J. Super. 108 (App. Div. 1959); Cunningham, "Control of Land Use in New Jersey under the 1953 Planning Statutes," 15 Rutgers L. Rev. 1, 46-47 (1960).
*543 Levitin and Minetto thereupon applied to the board of adjustment for a variance to permit the redivision on the basis of the undersized lots, and for other relief. The board, after hearing, made specific findings of fact, determined that the negative criteria required by the statute had been met, and granted the variance upon the following conditions:
"1. That the driveway be maintained to provide access to whatever dwelling may be erected on the westerly lot.
2. That any dwelling or dwellings which may receive access from Victoria Lane have a driveway or other access area improved in a manner so as to compare with the existing condition of Victoria Lane.
3. That no building permit be issued for the erection of any house on either parcel until the final plans and location have been approved by the Planning Board of the Borough of Tenafly, which Board should take into account the preservation of the natural area, the drainage conditions for the subject tract and the suitability of access of the westerly parcel to Victoria Lane.
BE IT FURTHER RESOLVED that if compliance is had with the above conditions and building permit or permits is or are approved by the Planning Board, then the Building Inspector is directed to issue same in accordance with plans and specifications as approved, this Resolution serving to grant a variance from the provisions of N.J.S.A. 40:55-1.39 in accordance with the power vested in the Board of Adjustment by N.J.S.A. 40:55-1.40 in that it is the opinion of this Board that Victoria Lane is suitably improved in order that adequate access of fire and other emergency vehicles to the subject properties may be had."
Plaintiffs, property owners who had appeared in opposition, thereupon filed the present action in lieu of prerogative writ to review the action of the board.[1]
*544 The Law Division judge, conceiving that prior favorable action by the planning board was a prerequisite to the allowance of the variance by the board of adjustment, remanded the matter to the planning board. In so doing he stated:
"So what I am going to do, gentlemen * * * is to retain it, retain jurisdiction and remand it back to the Planning Board of the Township of Tenafly for the purpose of hearing, as a major subdivision, giving notice and hearing and then, of course, if they determine that it should be granted then we have the determination now of the Board of Adjustment on the granting of the variance, which might be polished up a bit. In any event, if the Planning Board, after a hearing as a major subdivision, determines that this would be a good thing for the municipality, and again I think it would be, they could condition their approval on the granting of the variance and then you could get before the Board of Adjustment with two lots, each 41 or 42 hundred feet short of the requirement. * * *"
The question posed is whether it was proper under the circumstances here presented to decline to review the action of the board of adjustment because of the absence of prior conditional approval of the redivision by the planning board.
We conclude that, in general, it is proper for a board of adjustment, notwithstanding the lack of prior approval by the planning board, to accept jurisdiction and grant a variance from the provisions of the zoning ordinance which is required in connection with a proposed subdivision or redivision, provided it is conditioned upon subsequent approval of the subdivision or redivision by the planning board. Following such conditional grant of a variance by the board of adjustment, the planning board may act upon the application for the subdivision or redivision. Such was the procedure followed in Bierce v. Gross, 47 N.J. Super. 148 (App. Div. 1957). This *545 is not to say that, in an appropriate case, application may not first be made to the planning board, whose approval would then necessarily be made contingent upon the granting of a variance by the board of adjustment. See 21 N.J. Practice (Ackerson and Fulop, Skills and Methods), § 2494, p. 59 (1960).
Here, however, the board of adjustment took an additional step, which was unauthorized without prior action by the planning board. As noted, its resolution of approval also granted a variance from the requirements of N.J.S.A. 40:55-1.39, in accordance with the power vested in the board by N.J.S.A. 40:55-1.40. In general, Section 1.39 precludes the issuance of a building permit unless the building lot abuts an improved street giving access to the proposed structure. Section 1.40 provides, inter alia, that, on appeal, the board of adjustment may:
"* * * make reasonable exceptions and issue a permit subject to conditions that will assure adequate access for fire-fighting equipment, ambulances and other emergency vehicles necessary for the protection of health and safety and that will protect any future street layout shown on the official map or on a master plan of streets duly adopted by a planning board. Where such master plan of streets exists, the board of adjustment or governing body, as the case may be, shall refer the application to the planning board for report and recommendation before taking action." (Emphasis added)
It appears that a master plan of streets in the municipality had been adopted and was in existence at the time of the hearing before the board. Accordingly, on the issue of adequacy of the street layout, there should have been a reference to the planning board for a report and recommendation before final action on the appeal by the board of adjustment. In all other respects the matter was ripe for decision in the Law Division.
The question remains as to what procedure should be followed in order to bring about a speedy determination of the issues involved. We incline to the view that the ends of justice will be best served by a remand to the board of adjustment. *546 The board of adjustment should thereupon refer the application for the exemptions from section 1.39 to the planning board for a report and recommendation. Upon receipt of the report and recommendation of the planning board, the board of adjustment should make such amended or supplemental findings as it may find necessary with reference to this item and make return thereof to the Law Division for consideration of the entire matter on the merits.
The determination of the Law Division is modified accordingly and the case is remanded for further proceedings in accordance with this opinion.
No costs.
NOTES
[1] We are informed that on April 15, 1965, while the present proceedings were pending in the Law Division, the planning board adopted a resolution which provided that:

"* * * the redivision of Lots 32 and 35 as shown on Map entitled `Redivision of Lots 32 & 35 in Block 211 made for Orlando Minetto at Tenafly Bergen Co. N.J.' be approved subject to all the conditions embodied in the Resolution of the Board of Adjustment dated November 2, 1964, but that no Building Permits be issued until plot plans are submitted by the applicant to this Board and such plans are reviewed by the Borough Engineer concerning drainage; and
Further, that this Board concurs with the findings of the Board of Adjustment in that Victoria Lane, though unimproved, can provide suitable access for the safety of inhabitants if maintained in its current condition; and
Further, that this Resolution, if adopted, be effective upon this Board's receiving written confirmation of the oral opinions of the Police and Fire Departments in this matter which letters shall become a part of the minutes of this Board."
The mayor and council concurred by resolution adopted June 8, 1965.