COOPER-GEORGE COMPANY, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.

*Norman dePender* and *Don Cary Smith,* for appellant.

*William F. Nielsen* (of *Hamblen, Gilbert & Brooke*), for respondent.

MUNSON, J.—The City of Spokane appeals from a judgment entered on a writ of certiorari which held that the Zoning Board of Adjustment of Spokane acted in an arbitrary and capricious manner in denying Cooper-George Company a zoning variance.

Petitioner, Cooper-George Company, is the owner of a 13-story apartment building. Business tenants occupy the ground floor. The building is located in an RO-1 zone wherein signs are limited to 30 square feet and must be hung no higher than 20 feet above the ground. Petitioner applied to the building inspector of Spokane for a permit to install, 120 feet above ground level, an identification sign of 80 square feet. The inspector properly refused the application. Consequently, petitioner applied to the Zoning Board of Adjustment for a variance to permit the erection of the proposed sign.

The board held public hearings and no one appeared in

objection to the application. The record of the hearings reveals that the sign would not be visible within the RO-1 zone except from the Deaconess Hospital; however, a representative for the hospital appeared before the board in support of petitioner's application. After lengthy consideration the board made the following determination:

> After careful consideration of the matter, examination of the site, and the testimony [offered in the two prior hearings] . . . the Board finds that an *undue hardship peculiar* to this property has not been demonstrated and since such hardship must exist before the Board may grant variances of the sign regulations, the variances are denied, . . .

(Italics ours.)

Following the denial, petitioner's business tenants requested the Zoning Board of Adjustment to reconsider its decision since the lack of an identification sign on the Cooper-George apartment building seriously affected their business and constituted a hardship. The board denied their request. Cooper-George then filed a petition for writ of certiorari with the Superior Court for Spokane County.

At the conclusion of the trial,[1] the court rendered its oral opinion concluding the board had acted in an arbitrary and capricious manner, reversed the board's decision, and granted the variance. Extensive findings of fact were entered. We find, and both parties agree, that the findings of fact are amply supported by the evidence before the court. Therefore, the only issue before this court is whether the trial court's conclusions are supported by the findings. *Hansen v. Walker*, 46 Wn.2d 499, 282 P.2d 829 (1955).

The pertinent portion of the Spokane zoning ordinance is as follows:

> Variance:    (1) Where in specific cases proof satisfactory to the Board is submitted by the applicant that due to exceptional conditions inherent in the land and peculiar to the property in question and not common to other properties in the zone, the literal application of the provi-

---

[1]The record on appeal consists of the same evidence presented to the trial court.

sions of this Ordinance will result in *practical difficulties* or *unnecessary hardship*, the Board shall have the power to grant a variance from the strict letter of this Ordinance, subject to such conditions as the Board may deem necessary so that the spirit of the Ordinance will be observed and substantial justice done. Such variance may be granted by the Board after public hearing and a finding that the variance will not be unduly detrimental to surrounding properties nor contrary to the public interest and that it will alleviate a clearly demonstrated *practical difficulty* or *unnecessary hardship* as distinguished from a special privilege of convenience or increased financial return sought by the owner.

(Italics ours.) The determination of the board as set forth above does not conform to the language of the ordinance as quoted. It is clear the board's determination places upon petitioner the burden of showing that an undue hardship existed rather than the required showing by the ordinance of "practical difficulty" or "unnecessary hardship" due to exceptional conditions inherent in the land and peculiar to the property. Such disregard for the requisites established by ordinance for the granting of a variance justifies the trial court's conclusion that the board acted in an arbitrary and capricious fashion. *Quan v. State Liquor Control Bd.*, 69 Wn.2d 373, 378, 418 P.2d 424 (1966).[2]

If we examine the facts as found by the trial court, and unchallenged by the City of Spokane, we see there is a practical difficulty involved for the business tenants of petitioner, *i.e.*, lack of identification of the business location. The practical difficulty is caused by the peculiar condition of the property in question, *i.e.*, a 13-story apartment house with an uncommonly large number of business tenants contiguous to the central business zone but blocked for the most part from its view by a large building. It is obvious the type of signs allowed in the RO-1 zone are inappropriate for petitioner's building. The totality of facts illustrates that the resulting hardship is unnecessary. From our

---

[2]Unlike *Quan*, we do not have a record of the entire hearing before us. However, the minutes of the Zoning Board of Adjustment are in evidence as an exhibit.

examination of the record we find the trial court's findings of fact do support its conclusion that the board acted in an arbitrary and capricious manner by disregarding the facts presented. *State ex rel. Myhre v. Spokane*, 70 Wn.2d 207, 422 P.2d 790 (1967).

The City of Spokane also challenges the trial court's conclusion that although petitioner's sign violates the zoning ordinance, it is not contrary to the health, safety, and welfare of the public. We agree with the trial court. No showing was made by the City of Spokane as to how petitioner's sign impaired the health, safety, and welfare of the public.

The City of Spokane's assertion that the granting of this variance would cause a precedent which eventually would sap the strength of the Comprehensive Zoning Ordinance of the City of Spokane is without merit. The terms of the ordinance are clear; a variance should only be granted where practical difficulties or unnecessary hardships are caused by peculiar conditions inherent in the property for which the variance is sought and which conditions are not shared with any of the surrounding land. Each request for a variance must stand or fall on its own merits.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.