131 N.J. Super. 236 (1974)
329 A.2d 351
PHILIP B. ROBINSON, PLAINTIFF,
v.
BOARD OF ADJUSTMENT OF CAPE MAY; CITY OF CAPE MAY, A MUNICIPAL CORPORATION AND THE PLANNING BOARD OF THE CITY OF CAPE MAY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
October 30, 1974.
*238 Mr. Marvin D. Perskie for plaintiff (Messrs. Perskie & Callinan, attorneys).
Mr. Louis C. Dwyer, Jr. for defendant Board of Adjustment of Cape May (Messrs. Kay, Corino & Dwyer, attorneys).
Mr. Vincent J. Pancari for defendant City of Cape May, a municipal corporation (Messrs. Halpin, Bailey & Pancari, attorneys).
Mr. John L. Ludlam for defendant Planning Board of the City of Cape May.
GRUCCIO, J.S.C.
This is an action in lieu of prerogative writs. The matter is before this court for the purpose of a summary adjudication on the basis of an agreed statement of facts.
Plaintiff is the owner of several lots of land (lots 39 through 68) situated on block 100 in the City of Cape May. This area is zoned R-1, which primarily allows only single-family residential dwellings. Plaintiff intended to build 11 twin houses on these lots but was precluded from doing so due to the present R-1 zoning classification.
On August 2, 1973, at the regular meeting of the Cape May Planning Board, plaintiff requested that consideration be given to the change of block 100 from R-1 to R-3, which change would permit plaintiff to construct the twin houses. At that time, however, the planning board was in the process of reviewing the entire zoning map and plaintiff's request was tabled pending the completion of the review.
*239 On August 2, 1973 plaintiff applied to the building inspector of Cape May for building permits to erect 11 twin houses on lots 39 through 68 of block 100. The total land area covered by these lots is 900' in frontage by 125' in depth. Each twin house was to be built on a lot 80' wide by 125' deep. The building inspector refused to issue the building permits due to the present zoning classification.
On August 14, 1973 plaintiff filed an appeal with the Cape May Zoning Board of Adjustment for a variance under the provisions of N.J.S.A. 40:55-39(c) and (d) to construct 11 twin houses on lots 39 through 68 of block 100. A public hearing was conducted by the board of adjustment concerning this appeal on August 22, 1973.
At the hearing, after allowing plaintiff an opportunity to state specifically what relief he was seeking, the zoning board of adjustment took a short recess to discuss the jurisdictional aspects of the application. Upon the advice of counsel the zoning board unanimously decided that it did not have the jurisdiction or the power to entertain the variance application inasmuch as what was being sought by plaintiff was an amendment to the zoning ordinance and not a variance.
The zoning board was aware of plaintiff's previous request for a rezoning with the planning board and claimed that the relief sought by plaintiff was solely within the province of the planning board. The zoning board therefore declined to make any determination on the variance application and suggested that plaintiff pursue this matter with the planning board and city council. No opportunity was given for anyone present to offer comment on the granting or denial or recommendation or nonrecommendation of the variance application because of the refusal of the zoning board to take jurisdiction in the matter. Plaintiff therefore filed this action.
This matter is now being brought before this court solely for the purpose of determining whether a local zoning board of adjustment can refuse to consider an application for a variance under N.J.S.A. 40:55-39 (c) and (d), claiming *240 lack of jurisdiction on the grounds that the matter is one exclusively within the jurisdiction of the local planning board.
The issue is apparently a novel one in this State. No case has been found which involves an incident where in similar circumstances a zoning board refused to take any action whatsoever upon a variance application.
It is the zoning board's contention that to have acted in this matter would have been an unwarranted and illegal extension of its powers under N.J.S.A. 40:55-39. It is true that there have been numerous cases dealing with the situation where zoning boards have been held to have exercised undelegated authority, thereby having their action invalidated. Grimley v. Ridgewood, 45 N.J. Super. 574 (App. Div. 1957); Schoelpple v. Woodbridge Tp., 60 N.J. Super. 146 (App. Div. 1959); Tzeses v. Board of Adjustment, 22 N.J. Super. 45 (App. Div. 1952). There is an important distinction to be made between these cases and the instant one. In all of the above cases the zoning boards of adjustment granted variances under circumstances which did not warrant such action. In these cases the various courts found that the zoning boards should not have granted the variances since the requirements for such grants under the relevant sections of N.J.S.A. 40:55-39 had not been met.
The crux of this case is the recognition of the distinction between the decision of a zoning board to grant or deny a variance and the decision of a zoning board to act or not to act upon a variance application. The former is one properly within the expert discretion of a zoning board, Schmidt v. Board of Adjustment, 9 N.J. 405 (1952), whereas the latter one is not. The board of adjustment is a statutory quasi-judicial body whose powers and jurisdiction are specified and strictly delimited by statute. Auciello v. Stauffer, 58 N.J. Super. 522 (App. Div. 1959). The relevant statute here is N.J.S.A. 40:55-39, which provides, among other things:
*241 The board of adjustment shall have the power to:
(a) Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative official or agency based on or made in the enforcement of the zoning ordinance.
(b) Hear and decide, in accordance with the provisions of any such ordinance, requests for special exceptions or for interpretation of the map or for decisions upon other special questions upon which such board is authorized by any such ordinance to pass.
(c) Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property, or by reason of exceptional topographic conditions, or by reason of other extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under the act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon the owner of such property, to authorize, upon an appeal relating to such property, a variance from such strict application so as to relieve such difficulties or hardship; provided, however, that no variance shall be granted under this paragraph to allow a structure or use in a district restricted against such structure or use.
(d) Recommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body or board of public works may, by resolution, approve or disapprove such recommendation. If such recommendation shall be approved by the governing body or board of public works then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use.
No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance.
The Legislature by this statute has placed the responsibility upon local boards of adjustment to grant a hearing to the applicant, and depending upon the nature of the relief sought, the evidence, arguments and the law, to grant or deny a variance or recommend or decline to recommend the application to the governing body. Tomko v. Vissers, 21 N.J. 226 (1956).
It is clear from an examination of the statute and the cases construing the statute that a zoning board of adjustment has only the following alternatives in response to an application for relief under N.J.S.A. 40:55-39  see (c) *242 or (d): (a) it may grant or deny a variance application on the basis of undue hardship; (b) it may recommend to the governing body that a special use permit be granted or denied, and (c) it may refuse to grant relief on the grounds that such relief would cause detriment to the public good or would substantially impair the intent and purpose of the zone plan and zoning ordinance.
Nowhere in the statute or in the cases construing the statute can it be found that a zoning board is free to determine upon application for relief under N.J.S.A. 40:55-39 that it did not have the jurisdiction to hear this application. In fact, when a zoning board has reservations about entertaining jurisdiction in such matters it still may proceed with the hearing, take all relevant evidence and condition any variance approvals, if granted, upon subsequent approval of the planning board. Imperato v. Zoning Board, 91 N.J. Super. 540 (App. Div. 1966). The only situation where zoning boards have been found to lack jurisdiction to hear an application for a variance is where applicant failed to fulfill the formal requirement of notice.
The right to own and enjoy private property is fundamental in this country. Constitutional protections permit few infringements upon this right. One such infringement is the sustainment of the municipal power to enact zoning ordinances which no doubt may curtail the enjoyment and burden the ownership of real property. Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Such authority is generally deemed to stem from the state's police powers inherent in the promotion of the public's health, welfare and morals. N.J.S.A. 40:55-30 et seq. However, in certain circumstances it has been recognized that the burdens placed upon particular landowners would be too severe to justify on this basis. Thus the variance procedure was established. In the scheme of the procedure the proper function of a zoning board of adjustment is to give relief in certain instances to these landowners in order to prevent any unwarranted invasions of the right of private property. *243 United Advertising Corp. v. Maplewood Board of Adjustment, 136 N.J.L. 336 (Sup. Ct. 1947). To allow a zoning board of adjustment to act in the manner that defendant did herein would be in clear contravention of this established policy.
This opinion is not to be construed to intimate any conclusions on the part of this court as to the propriety of the granting or nongranting of a variance in this case or the conditions that may be attached to any variance if such is granted. What this court is holding is that where a person submits a colorable application for a variance, the zoning board must consider the application, take evidence and consider that evidence in light of the statutory criteria in making one of the aforementioned decisions.
The matter is remanded to the zoning board of adjustment for action consistent with the holding herein.