[No. 5948–1.  Division One.  October 9, 1978.]

MERRILL M. LING, *Appellant,* v. WHATCOM COUNTY
BOARD OF ADJUSTMENT, *Respondent.*

*Richard J. Waters,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Philip A. Serka, Deputy,* for respondent.

JAMES, J.—Plaintiff, Merrill M. Ling, is the owner of two lots in Whatcom County zoned "S–2." The restrictions of this category permit only the construction of single–family residences with a minimum lot area of 18,000 square feet. Ling acquired the lots prior to the adoption of the zoning regulations.

Ling applied to the Whatcom County zoning adjuster for a use variance which would permit the construction of

multi-family residences on his lots and reduce the minimum lot requirement to 4,000 square feet per dwelling unit. Ling intended to construct a fourplex on each of the two lots. The zoning adjuster denied Ling's requested variance because he believed that he was without authority to grant a variance. His decision was affirmed by the Whatcom County Board of Adjustment.

Ling obtained review of the Board's decision by way of writ of certiorari. The Whatcom County Superior Court held that the zoning adjuster had authority to grant a variance and directed that Ling's application be reconsidered on the merits. On reconsideration, the zoning adjuster disqualified himself and Ling's application was reconsidered by the Whatcom County Board of Adjustment based on the record of proceedings at the original hearing. The Board of Adjustment entered findings of fact and conclusions of law denying Ling's application for a variance.

Ling again sought judicial review by way of certiorari. The trial judge affirmed the decision holding that the Board's findings and conclusions were supported by the record and were not arbitrary, capricious, or contrary to law. Ling's motion to reconsider was denied. Ling then filed this appeal. We affirm.

The findings and conclusions of the Board, which the trial judge found to be "amply supported by the record" (finding of fact No. 6), were as follows:

1. There are no special circumstances applicable to the subject property or to the intended use that have not applied generally to other property and class of use in the same vicinity and zone since the S-2 Zoning was adopted in 1973.
There are no unique circumstances as to shape, topography, locations or surroundings that do not apply generally to other property or class of use since 1973 when S-2 Zoning went into effect.
2. Surrounding use of lots in the immediate vicinity and zone is predominantly for single family residences. Single family residences have been built and are being built in close proximity to multiple family housing.

The two subject lots are not being denied the right to be used for construction of a single family residence and thus the denial of a substantial property right is not involved.

Ling first argues that the Board's findings are so inadequate that proper judicial review is impossible. He characterizes the Board's findings and conclusions as mere "rote and boilerplate, potentially fungible and able to be used in *any* variance case with only minor revision." We do not agree.

■ The granting of variances by the Whatcom County Board of Adjustment is governed by RCW 36.70.810, "Board of adjustment—Authority", and Whatcom County Code 2.24.270, "Variances, Conditional Uses and Appeals." In summary, these legislative enactments require that one who seeks a variance must meet the burden of showing that because of special circumstances which do not apply generally to other properties, a variance is required to permit the exercise of property rights and uses possessed by other properties similarly zoned.

The rule is stated in *L.M. Pike & Son, Inc. v. Waterford,* 130 Vt. 432, 434, 296 A.2d 262 (1972):

A board of adjustment is only permitted to grant a variance from a zoning ordinance within the guidelines set forth in that zoning ordinance. *Thomson Methodist Church v. Zoning Board of Review,* 99 R.I. 675, 210 A.2d 138, 141 (1965).

*Lewis v. Medina,* 87 Wn.2d 19, 22, 548 P.2d 1093 (1976). In concluding that Ling had not sustained his burden of producing evidence of special circumstances justifying a variance, the Board necessarily made negative findings. Negative findings are inherently fungible.

■ Ling's final contention is that the denial of his variance application is not supported by substantial evidence in the record as a matter of law. The contention is without merit. The "substantial evidence" standard of review is inapplicable. As stated in *Lewis v. Medina, supra* at 22,

[t]he rule is well established that a judicial review of the action of a Board of Adjustment is limited to an inquiry

of whether the action of the board is "arbitrary, capricious, or contrary to law." *Reiger v. Seattle*, 57 Wn.2d 651, 359 P.2d 151 (1961); *Household Fin. Corp. v. State*, 40 Wn.2d 451, 244 P.2d 260 (1952); *Durocher v. King County*, 80 Wn.2d 139, 492 P.2d 547 (1972); *Lillions v. Gibbs*, 47 Wn.2d 629, 289 P.2d 203 (1955), *overruled on other grounds* in *Fleming v. Tacoma*, 81 Wn.2d 292, 502 P.2d 327 (1972).

In summary, Ling's argument is that a substantial number of properties in the zoned area have been developed as multi–family dwellings. Ling fails to point out, however, any evidence to negate the Board's finding that

[s]urrounding use of lots in the immediate vicinity and zone is predominantly for single family residences. Single family residences have been built and are being built in close proximity to multiple family housing.

In the absence of any assertion by Ling to the contrary, we assume that any multi–family housing in the area predates the zoning.

Ling points to no evidence to negate the Board's finding that

[t]here are no special circumstances applicable to [Ling's] property or to the intended use that have not applied generally to other property and class of use in the same vicinity and zone since the S–2 Zoning was adopted in 1973.

If Ling's application for a variance were to be granted, it would appear that the Board would have no basis for denying subsequent variance applications by other owners. The single–family zoning benefits enjoyed by the area would be effectively lost.

Affirmed.

FARRIS, C.J., and SWANSON, J., concur.

Reconsideration denied November 7, 1978.