[No. 13477–9–I.   Division One.   March 10, 1986.]

K. R. St. Clair, et al, *Respondents,* v. Skagit County, et al, *Defendants,* Thelma Meamber, *Appellant.*

*Gail R. Smith* and *Smith & Young,* for appellant.

*William H. Nielsen,* for respondents.

Scholfield, C.J.—Thelma Meamber assigns error to the trial court's conclusion that the Skagit County Board of

Adjustment acted contrary to law in issuing her a zoning variance. We affirm.

## FACTS

The material facts in this case appear to be undisputed. Prior to 1982, Meamber purchased 50 feet of waterfront property on Big Lake in Skagit County. This purchase consisted of a 40–foot parcel and an adjoining 10–foot parcel, with separate tax numbers assigned to each. One or two years later, Meamber purchased the 50–foot parcel immediately to the south of her original purchase. This property had a residence on it at the time of purchase.

On June 14, 1982, Meamber applied for a building permit to place a mobile home on the first parcels purchased, treating them as a single 50–foot lot. Where the application for the building permit called for a legal description of the property to be developed, Meamber filled in the two tax numbers that described her original purchase. Where requested to identify "Name of Plat", Meamber listed Lot 3 of Big Lake waterfront tracts and 40 feet of Government Lot 4, and in so doing described a 100–foot lot, which included her existing residence. Where the application asked whether any other residences were located on the property, Meamber responded, "No". But where it asked if she owned any adjoining parcels, she answered, "Yes". Based upon this information, the Skagit County Permit Center granted the building permit, whereupon Meamber expended $26,000 to purchase and install a mobile home on the original undeveloped parcels.

At the time Meamber applied for the building permit, Skagit County Code 14.04.090(6) required a minimum lot width of 75 feet in residential districts. Section 14.04-.190(11) permitted only one dwelling unit on any lot, and section 14.04.190(5) provided that when any person owned or acquired contiguous lots, either or both of which were substandard (less than 75 feet in width), they must be aggregated to form one lot. Under the county code, therefore, Meamber's three parcels would be combined to create

a 100–foot lot, restricted in use to the already existing residence.[1]

Upon receiving a complaint, the Permit Center discovered the existence of the residence on the adjoining lot. The zoning administrator then sent a letter to Meamber dated July 23, 1982, informing her that the mobile home was in violation of the county code and further advising her that she could apply for a variance, a special use permit, or remove the mobile home. On August 4, 1982, Meamber submitted a request for a variance. The principal grounds stated in her application for the variance were her reliance on the building permit issued by the County and the fact that the mobile home was to be occupied by her elderly sister, who was in failing health and needed a home close to Meamber's home.

A public hearing on the matter was conducted by the Skagit County Board of Adjustment on September 9, 1982. Much of the Board's attention was focused on the issue of whether Meamber had applied for the building permit in "good faith", and the Board concluded that she had. In approving the variance, Chairman Swanson stated:

> We've granted you this request on the grounds that you received a County permit. See you in court. We'll find out if we're right or not.

In its written "Conclusions and Decision", the Board found that

> the request to utilize a substandard lot as [an] individual residential building site would not be adverse to the Public Health, Safety and General Welfare.

On September 17, 1982, respondents St. Clair petitioned the Skagit County Superior Court for a review of the Board's decision. After reviewing the administrative record and hearing argument of counsel on March 3, 1983, the trial judge filed a memorandum opinion on March 18, wherein

---

[1]The applicable provisions of the Skagit County zoning code have been gleaned from various places in the record. Nowhere in the record do we have a certification of the zoning code provisions. However, discussion in the briefs makes it clear that the zoning code provisions are not in dispute in this case.

he found the action of the Board "'contrary to law'" and vacated the granting of the variance.

## STANDARD OF REVIEW

██ The law is clear that the decision of a board of adjustment to grant a variance must be upheld unless the reviewing court finds it was arbitrary, capricious, or contrary to law. *Lewis v. Medina,* 87 Wn.2d 19, 548 P.2d 1093 (1976).

The Superior Court based its ruling upon the provisions of RCW 36.70.810(2) and Skagit County Code 14.04-.221(3)(a) and (b). The court emphasized in its memorandum decision the lack of findings by the Board of Adjustment of "'special circumstances applicable to subject property, including size, shape, topography, location or surroundings'" which "'deprive subject property of rights and privileges enjoyed by other properties in the vicinity and under identical zone classification'". This court conducts the same review, applying the contrary to law standard directly to the record of the administrative proceeding. *Murphy v. Seattle,* 32 Wn. App. 386, 390, 647 P.2d 540 (1982).

## REQUIREMENTS FOR VARIANCES

RCW 36.70.810(2) of the Planning Enabling Act of the State of Washington authorizes boards of adjustment to grant variances from the terms of the zoning ordinance, providing the variance:

> shall not constitute a grant of special privilege inconsistent with the limitations upon other properties in the vicinity and zone in which subject property is situated, and that the following circumstances are found to apply;
>
> (a) because of special circumstances applicable to subject property, including size, shape, topography, location or surroundings, the strict application of the zoning ordinance is found to deprive subject property of rights and privileges enjoyed by other properties in the vicinity and under identical zone classification;
>
> (b) that the granting of the variance will not be materially detrimental to the public welfare or injurious to the

property or improvement in the vicinity and zone in which subject property is situated.

Skagit County Code 14.04.221(3)(a)(v) requires as part of an application for a variance a narrative statement demonstrating that the requested variance conforms to the following standards:

That special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same district.

That literal interpretation of the provisions of this ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this ordinance.

That the special conditions and circumstances do not result from the actions of the applicant.

The granting of the variance requested will not confer on the applicant any special privilege that is denied by this ordinance to other lands, structures, or buildings in the same district.

The record of the hearing before the Board of Adjustment reflects that in supporting her application, Meamber relied primarily upon the fact that the County issued a building permit for installation of the mobile home and that she acted in good faith in applying for that permit. She also relied upon the assertion that an elderly and ailing sister needed a home nearby so Meamber could care for her. Some mention was made of the fact that there are other developed lots no more than 50 feet wide in the near vicinity. This last aspect, however, was not developed in detail, and the Board does not appear to have been influenced by the presence of other 50–foot lots in making its decision. The chairman during the hearing described the issue as being whether Meamber *acted in good faith in applying for the building permit.*

Reasons for a variance must be reasons pertaining to the property itself which prevent full use of the property to the extent other properties in the vicinity and under the same zoning can be used. RCW 36.70.810(2)(a). Evidence of

hardship or difficulty that will support a variance must relate to the land itself and not to the owner–applicant. *Martel v. Vancouver,* 35 Wn. App. 250, 256, 666 P.2d 916 (1983); 3 R. Anderson, *Zoning* § 18.30 (2d ed. 1977).

We can appreciate the concern of the Board for the problems created for Meamber by the withdrawal of the building permit, but that circumstance is personal and did not arise out of the inherent nature of the real property. The granting of a variance on that ground was contrary to law. The circumstances of Meamber's desire to provide a home for an ailing relative is likewise personal and cannot support the granting of a variance.

■ Meamber argued, but did not make a showing to demonstrate, that other properties in the vicinity consisted of a residence on a lot of less than 75 feet in width. From the record, we can only conclude that improved lots under 75 feet in width are nonconforming uses, established before the Skagit County Code was amended to require a minimum lot width of 75 feet and further requiring contiguous lots, either or both of which were under 75 feet, to be aggregated to form one lot. Generally, there are restrictions on nonconforming uses, such as limitations on expansion and change and the possibility that they will be found to have been abandoned if their use is not continuous. *Shields v. Spokane Sch. Dist. 81,* 31 Wn.2d 247, 196 P.2d 352 (1948); *Andrew v. King Cy.,* 21 Wn. App. 566, 586 P.2d 509 (1978); *Coleman v. Walla Walla,* 44 Wn.2d 296, 266 P.2d 1034 (1954). Therefore, were Meamber granted the requested variance, which is without restriction or reservation, she would gain a "special privilege inconsistent with the limitations upon other properties in the vicinity" in violation of RCW 36.70.810(2). In addition, granting variances based upon the proximity of similar but nonconforming uses could prove destructive to the County's zoning objectives. *Ling v. Whatcom Cy. Bd. of Adj.,* 21 Wn. App. 497, 500, 585 P.2d 815 (1978); *see also* 3 R. Anderson, *Zoning* § 18.25 (2d ed. 1977).

In *Ling,* the Board denied a variance to construct a

multi–family residence in a single–family zone. Ling argued, however, that a substantial number of properties in the area had already been developed as multi–family dwellings. After presuming in the absence of proof to the contrary that any multi–family housing in the area pre-dated the zoning, the court went on to say:

> If Ling's application for a variance were to be granted, it would appear that the Board would have no basis for denying subsequent variance applications by other own-ers. The single–family zoning benefits enjoyed by the area would be effectively lost.

*Ling,* at 500.

Likewise, we assume that the developed substandard lots on Big Lake predate the present zoning, and as St. Clair points out, the aggregation and minimum lot size statutes apply countywide. If Meamber were granted a variance because substandard properties near hers are developed, the Board would be bereft, it seems, of valid grounds upon which to deny such applications in the future. Meamber cites *Sherwood v. Grant Cy.,* 40 Wn. App. 496, 699 P.2d 243 (1985). To the extent that *Sherwood* can be read as approving of a variance because properties in the sur-rounding area enjoyed similar but nonconforming uses, we decline to follow it.

Furthermore, the 75–foot width and aggregation require-ments do not put a burden on Meamber's property which does not apply to other properties in the vicinity under the same zoning. *See* RCW 36.70.810(2)(a). The trial court was correct, therefore, in holding that the granting of the vari-ance was contrary to law.

In variance cases, the Skagit County Board of Adjustment is required by RCW 36.70.900 and Skagit County Code 14.04.221(4)(b) to enter findings of fact upon which its action is based. An alleged finding which con-cludes that granting the variance would not be adverse to the public health, safety, and general welfare is conclusory and does not meet the requirement of findings of fact on the specific grounds on which variances can be granted.

Granting a variance without entering the required findings of fact is also contrary to law. *Andrew v. King Cy., supra.*

In *Andrew,* the court ruled the case should be remanded to the King County Board of Appeals for entry of findings of fact and conclusions of law. In doing so, the court noted that the evidence before the Board was in conflict and would support the finding of a nonconforming use, as well as a finding that there was no nonconforming use. The evidence would also have supported a finding that the use had been abandoned as well as a contrary finding. Thus, a remand was necessary because a reviewing court is not in a position to make findings of fact upon disputed issues.

This case is in a different posture. A review of the record makes it clear that Meamber failed to present evidence to the Board of Adjustment that would lawfully support a grant of a variance. She does not claim the hearing was unfair in any way. There is no purpose to be served by a remand.

The judgment of the trial court is affirmed.

WEBSTER, J., and PETRIE, J. Pro Tem., concur.