162 N.J. Super. 204 (1978)
392 A.2d 630
JAY G. CRANMER, A GENERAL PARTNER OF LINCOLN PROPERTY COMPANY, NO. 141, PLAINTIFF,
v.
TOWNSHIP OF EVESHAM, A MUNICIPAL CORPORATION; ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF EVESHAM; AND PLANNING BOARD OF THE TOWNSHIP OF EVESHAM, DEFENDANTS.
Superior Court of New Jersey, Chancery Division, Burlington County.
Decided August 11, 1978.
*207 Mr. Richard E. Gehret for plaintiff (Messrs. Parker, McCay & Criscuolo, attorneys).
Mr. Peter R. Thorndike for defendant Zoning Board of Adjustment of the Township of Evesham (Messrs. Wallace, Mariano, Thorndike & Brennan, attorneys).
Mr. Bennett Earl Bozarth for defendant Evesham Planning Board.
Mr. William Ruggierio for defendant Township of Evesham.
HAINES, J.S.C.
Plaintiff has obtained final approval to construct a planned unit development, consisting of 276 apartment units, on 23 acres of land in Evesham Township. A site plan application is pending before the planning board. The township ordinance, apparently pursuant to N.J.S.A. 40:55D-65(b), has established minimum area requirements for dwelling units, namely, 750 sq. ft. for one bedroom units and 1,500 sq. ft. for two bedroom units. The developer *208 requested a variance from the planning board, lowering these area requirements, a request which that board refused to consider on the ground that it lacked jurisdiction.
Plaintiff then made application to the board of adjustment, requesting a variance under N.J.S.A. 40:55D-70(c). That board held that it lacked jurisdiction to consider a "c variance" (a "bulk" variance), because plaintiff's property was subject to site plan review. Its interpretation of the statute, by reason of the site plan circumstance, was that the variance authority resided exclusively in the planning board. In addition, it suggested, and here argues, that the scope of the requested variance is so broad that its allowance would constitute a usurpation of the zoning power held only by the governing body of the municipality.
A declaratory judgment is now sought in this court by the developer, raising the following novel issues:
(1) Does the planning board have authority to grant a variance from floor area requirements?
(2) Does the board of adjustment have authority to grant the requested variance?
(3) Does the developer's request involve a bulk variance (N.J.S.A. 40:55D-70(c)), or a use variance (N.J.S.A. 40:55D-70(d))?
(4) Is the scope of the relief sought so great that an amendment to the zoning ordinance is required instead of a variance?
(5) May the board of adjustment decline to hear the application on the ground that it lacks jurisdiction?
(6) Are questions of jurisdiction to be resolved by remand to the appropriate municipal board, or by this court after the presentation of evidence?

A. The Powers of the Planning Board

(1) Variances

All counsel agree that the best repository for variance power with respect to this application is the planning board. *209 That position, however, is merely precatory. The language and the intent of the statute must control.
N.J.S.A. 40:55D-70(c) and 60, operating together, provide the planning board with exclusive power to consider bulk variances involving (1) lot area requirements (but only as to one lot), (2) lot dimensional requirements and (3) setback and yard requirements, whenever, as here, the planning board is acting on applications which involve subdivisions, site plans or conditional uses.
The argument is advanced that statutory construction permits these sections of the Municipal Land Use Law to be interpreted as including variances from interior space requirements. I cannot agree. The statutory language is clear. There is no reason to avoid its literal reading since plaintiff, as determined below, is not without a remedy.
I conclude that the planning board does not have any jurisdiction over the variance requested by plaintiff,

(2) Deviations

Section 160-50(U) of the zoning ordinance permits the planning board to allow "deviations" from density or intensity of land use requirements in planned developments, but only in connection with the trade-offs allowed by N.J.S.A. 40:55D-39(c) (5). Since an interior space requirement may be a "regulatory [technique] governing the intensity of land use," permissible under N.J.S.A. 40:55D-65(b), the trade-off option might have been available to plaintiff. However, no trade-off is suggested here and I do not decide the question.

(3) Exceptions

The requirements relating to floor space, which are under consideration here, are contained in the township's zoning ordinance. However, its subdivision and site plan ordinances contain catchall provisions, as permitted by N.J.S.A. 40:55D-38(d), requiring site plans to conform to the provisions of the municipal zoning ordinance.
N.J.S.A. 40:55D-51 empowers the planning board to grant exceptions from subdivision and site plan requirements *210 that "may be reasonable and within the general purpose and intent of the provisions for subdivision [or site plan] review and approval of an ordinance adopted pursuant to this article, if the literal enforcement of one or more provisions of the ordinance is impracticable or will exact undue hardship because of peculiar conditions pertaining to the land in question."
Does this authority to grant "exceptions" permit the planning board to grant the requested relief? The answer must be no. Any other construction would permit the planning board to change zoning requirements in a wholesale manner, commandeering power over variances vested in the board of adjustment under N.J.S.A. 40:55D-70, and making unnecessary the express authority over bulk variances granted the planning board by N.J.S.A. 40:55D-60. The statutory power to grant "exceptions" relates only to site plan and subdivision ordinances and appears to be a "housekeeping" provision, permitting the minor variations often necessary in connection with complex development plans. Issues relating to the extent of the exception power, except as relates to floor space, are not before me, and are not decided.

B. The Board of Adjustment
Power over bulk variances and use variances of all kinds is vested in the board of adjustment, with the exception of those matters entrusted to the planning board under N.J.S.A. 40:55D-60. With respect to bulk variances, N.J.S.A. 40:55D-70(c) gives the following power to the board of adjustment:
Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property, or by reason of exceptional topographic conditions, or by reason of other extraordinary and exceptional situation or condition of such piece of property the strict application of any regulation pursuant to article 8 of this act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon the developer of such property, grant, upon an application or an appeal relating to such property, a variance *211 from such strict application of such regulation so as to relieve such difficulties or hardship; provided, however, that no variance shall be granted under this subsection to allow a structure or use in a district restricted against such structure or use; and provided further that the proposed development does not require approval by the planning board of a subdivision, site plan or conditional use in conjunction with which the planning board shall review a request for a variance pursuant to subsection 47a. of this act.
I read the limitation in the language, "provided further that the proposed development does not require approval by the planning board of a subdivision, site plan or conditional use in conjunction with which the planning board shall review a request for a variance pursuant to subsection 47 a. of this act," as depriving the zoning board of variance power in connection only with those matters entrusted to planning boards, under N.J.S.A. 40:55D-60 (subsection 47 (a) of the act). In short, the words "shall review" are limited by the words "pursuant to subsection 47a. [47(a)]." As determined above, variances relating to space requirements for buildings are not entrusted to planning boards. Consequently, if the application here involves a bulk variance, as urged by counsel, it may be heard by zoning boards.
Space requirements for dwellings involve structures. "Structure" is defined in N.J.S.A. 40:55D-7 as "a combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land." Read literally, that definition provides no help in the context of this decision, but space and interior area requirements clearly fall within its ambit.
The language of the bulk variance provision deals with the nature of the land and not with the nature of the buildings or structures that are to be placed upon that land. It expressly provides that "no variance shall be granted under this subsection to allow a structure or use in a district restricted against such structure or use * * *." The effect of the zoning limitation on dwelling space is to restrict all residential districts against a structure not in compliance *212 with its area requirements. The requested variance falls within the statute's prohibitory language.
In Isko v. Livingston Tp. Planning Bd., 51 N.J. 162 (1968), the Supreme Court held that questions of height should be considered under the use variance portion of the statute (an earlier, but in this connection, identical statute to the one before me), because it found no "exceptional narrowness, shallowness or shape * * * or exceptional topographic condition" of the specific piece of property which would cause the height restriction to result in undue hardship. "Hardship personal to the owner which is unrelated to the physical characteristics of the land is not contemplated by subsection (c) and does not constitute sufficient grounds for the granting of a variance under that subsection." Id. at 174. From this it may be inferred that proof of a relationship between land and height (here, between land and floor space), causing undue hardship, could support a bulk variance. However, the court did not discuss the prohibitory language of the statute, which I find to be a conclusive denial of that suggested power.
Consequently, I conclude that we are not dealing with a bulk variance.
The use variance power granted to the board of adjustment under N.J.S.A. 40:55D-70 (d) provides an opposite approach and permits a contrary conclusion. It provides that board with power to
Grant a variance to allow a structure or use in a district restricted against such structure or use in particular cases and for special reasons, but only by affirmative vote of at least two-thirds of the full authorized membership of the Board.
The variance requested here, if granted, would allow a building in a district restricted against such structure. It falls quite clearly within the language of 70 (d). I conclude, therefore, that plaintiff's application is for a use variance over which the board of adjustment has authority and *213 which it may grant or deny in accordance with the requirements of the statute.

C. Usurpation of Zoning Power
The board of adjustment declined jurisdiction here, not only because of its interpretation of bulk variance limitations in the statute, but also because it thought that the scope of the application required action by the governing body of the municipality under its general zoning power. I have held that it may not consider a bulk variance, but for reasons other than those upon which it relied, and that it may consider a use variance. The question of zoning power remains for resolution.
The problem was raised and guidelines provided for its resolution in Dover Tp. v. Dover Tp. Bd. of Adj., 158 N.J. Super. 401 (App. Div. 1978). There, a developer obtained a variance from the defendant board of adjustment subjecting its 81-acre tract in a rural zone of the township to limitations applicable to cluster developments in a different zone. The township challenged this action, stating that it usurped the zoning power held exclusively by its governing body. The action was by way of complaint in lieu of prerogative writs, which was dismissed by the trial court on motion for summary judgment. The Appellate Division held that the township had standing to bring the suit, and reversed, saying:
* * * the township's complaint raised so clear a prima facie case of an extra-jurisdictional act by the board as to have required its survival of the summary judgment motion. The tract here is sizeable. There is, moreover, a strong suggestion of legislation in the board's wholesale application of the limiting schedule of one district to a proposed development in another district. [at 413]
The cause was remanded to the trial court for determination in accordance with the following instructions:
* * * The dispositive considerations must be those which underlie the statutory allocation of function between the governing body and *214 the board of adjustment in the first instance. It is the governing body's ultimate responsibility to establish, by the adoption of its zoning ordinances and amendments thereto, the essential land use character of the municipality. This it does by the geographical delineation of its districts and, uniformly within each district, the delineation of the uses permitted therein and the limitation schedules applicable thereto in terms of lot size, lot coverage, height restrictions and the like. (citation omitted). The variance power of the board of adjustment is, on the other hand, intended to accommodate individual situations which, for a statutorily stated reason, require relief from the restrictions and regulations otherwise uniformly applicable to the district as a whole. [at 411-412]
The board is limited to decisions which relate to a "specific piece of property." Size is a consideration. The property may be so substantial as to be "`beyond the intended scope of the variance procedure.'" Id. at 412. The inquiry must be "whether the impact of the requested variance will be to substantially alter the character of the district as that character has been prescribed by the zoning ordinance." Id. at 412-13. That inquiry must address itself to the size of the tract, the tract's relation to its zone district and the entire municipality, the number of parcels involved, and the nature, degree and extent of variations from the zoning regulations. "The test of whether the board has been engaging in proscribed legislation must ultimately be one of both geographic and functional substantiality vis-a-vis the plan and scheme of the municipality's zoning ordinance." Id. at 413 (footnote omitted).
In the instant case the board of adjustment, without the benefit of a hearing, refused to hear the variance application. This was incorrect. N.J.S.A. 40:55D-70 provides that "[n]o variance or other relief may be granted under the terms of this section unless such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zoning plan and zoning ordinance." This is the language of jurisdiction. Boards of adjustment necessarily consider the standards of Dover whenever they address a variance application. Consequently, there is statutory authority *215 for a zoning board to hear and determine questions relating to its jurisdiction. But see Robinson v. Cape May, 131 N.J. Super. 236 (Law Div. 1974). In doing so the board must be provided with an adequate factual record upon which to base its conclusions.
Consequently, this matter may be concluded by requiring a further application to the board of adjustment for the relief sought. This would permit the creation of a record upon which the question of zoning power could be determined. Further, if the board assumes jurisdiction, the matter would be decided on the merits. However, the board has already suggested that it lacks jurisdiction in the resolution before me, and its attorney argues that position. A further hearing offers the likelihood of a further denial of jurisdiction leading to the probable renewal of the action here. The complaint requests declaratory relief. Such requests are encouraged in our jurisdiction in order to resolve existing doubts, to permit further actions in reliance on firm precedents and to prevent multiplicity of litigation. Under these circumstances, it is better for me to determine the jurisdictional question.
The record before me is scant. Facts must be presented as outlined in Dover, supra. They can be presented quickly and, possibly, by stipulation, so that an early disposition is probable. Accordingly, counsel will be advised of an early hearing date, at which time evidence and briefs will be presented, and I will determine the issue. If I find there is jurisdiction, the requested relief may be considered on the merits by the board of adjustment. If I determine there is no jurisdiction, further application to that board will not be made. Plaintiff's only relief, in the latter case, is to request "rezoning" by the township committee. Whether it may do so, as a matter of right, is a question not before me.