214 N.J. Super. 593 (1987)
520 A.2d 802
SHESTON OIL COMPANY, INC., PLAINTIFF-RESPONDENT,
v.
BOROUGH OF AVALON PLANNING BOARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1986.
Decided January 12, 1987.
*595 Before Judges FURMAN, SHEBELL and STERN.
Stewart F. Kay argued the cause for appellant (Kay & Kay, attorneys).
Dennis M. Coughlin argued the cause for respondent.
The opinion of the court was delivered by FURMAN, P.J.A.D.
Upon prerogative writ attack, the Law Division struck four conditions imposed by defendant planning board in granting plaintiff preliminary site plan approval for a convenience food market, which is a conforming use, at the intersection of Dune Drive, a main business street, and 31st Street, a side street, in the Borough of Avalon. The trial court also awarded counsel fees and costs of $2,005.14 against defendant planning board. We affirm in part and reverse in part.
The same Law Division Judge had previously entered a final judgment in August 1985 reversing the denial of preliminary *596 site approval and directing the grant of preliminary site plan approval "subject to reasonable conditions determined by the Board." He did not retain jurisdiction. In his opinion letter he rejected as without "a shred of competent sworn testimony" to support it defendant planning board's conclusion that there was "a serious safety problem created by this application." With respect to concerns for pedestrian and vehicular safety expressed in Police Lieutenant Taylor's recommendation against a driveway to the premises from Dune Drive, the trial judge noted conformity of the proposed driveway with the applicable borough ordinance. He suggested:
... the Board may, if it so chooses, refer the matter to the Zoning Board for consideration of a variance from the provisions of the ordinance so as to permit the applicant to comply with Lt. Taylor's recommendations.
That final judgment of August 1985 was not appealed. Without further testimony or evidence before it defendant planning board in September 1985 granted preliminary site plan approval subject to five conditions. One concerning the procedure for final review by other agencies with jurisdiction is not challenged on this appeal. The four conditions under attack on this appeal are as follows:
1. The subject building shall be resited so as to face Dune Drive and not 31st Street.
2. There shall be no parking in front of the building and the building shall be in close proximity to the minimum Dune Drive setback.
3. The curb cut on Dune Drive shall be deleted.
4. The subject building shall be required to comply aesthetically with the neighborhood, especially contiguous properties, both existing and proposed.
Defendant planning board's resolution recited its concern "for safety factors, traffic flow both ingress and egress, and on-site circulation problems at the subject site."
Plaintiff proceeded by order to show cause why it "should not receive supplemental relief by reason of Defendant's failure to comply with the aforesaid final judgment," specifically why the four challenged conditions should not be stricken. At the argument of the order to show cause, the trial judge defined what he had meant in directing that defendant planning board *597 might impose "reasonable conditions" upon its grant of preliminary site plan approval, i.e., "[t]hat had to do with shrubbery ... and drainage and things like that." He pointed out again that the governing ordinance authorized a driveway along the Dune Drive frontage of approximately 110 feet; that "after a thorough review of the record" he had concluded that "there was no evidence in support of the Board's position;" that "I heard and decided, already on the record, the question of the curb cut" on Dune Drive; and that defendant planning board might have but did not refer to the local board of adjustment the issue whether to grant a variance barring Dune Drive access to plaintiff's premises.
We do not construe the opinion accompanying the trial court's final judgment of August 1985 as limiting "reasonable conditions" to shrubbery, drainage and the like. Nor do we agree with the judge below that a variance was needed to bar a Dune Drive curb cut. The provisions governing the number and location of access driveways are set forth in the borough site plan ordinance. One driveway is mandated along a frontage of 110 feet or less, as here, "directly to any public street or road."
N.J.S.A. 40:55D-51(b) was available to defendant planning board. That section of the Municipal Land Use Law provides:
The planning board when acting upon applications for preliminary site plan approval shall have the power to grant such exceptions from the requirements for site plan approval as may be reasonable and within the general purpose and intent of the provisions for site plan review and approval of an ordinance adopted pursuant to this article, if the literal enforcement of one or more provisions of the ordinance is impracticable or will exact undue hardship because of peculiar conditions pertaining to the land in question.
A variance procedure before the board of adjustment or pursuant to defendant's own jurisdiction under N.J.S.A. 40:55D-60 would have been inappropriate. An exception by defendant planning board to the site plan ordinance pursuant to N.J.S.A. 40:55D-51(b) would have met defendant's concern for "safety factors" arising from Police Lieutenant Taylor's report that a curb cut and access driveway on Dune Drive would *598 endanger pedestrian and vehicular safety and impede traffic flow.
Generally speaking, a planning board should consider off-site traffic flow and safety in reviewing proposals for vehicular ingress to and egress from a site, N.J.S.A. 40:55D-7, 41(b); Dunkin' Donuts of N.J. v. Tp. of North Brunswick, 193 N.J. Super. 513, 515 (App.Div. 1984).
As we understand his written and oral opinion, the trial judge recognized that a variance barring a Dune Drive curb cut might be applied for and granted. We would not understand that he precluded the grant of an exception to the site plan ordinance to accomplish that result. Because of the trial judge's recognition of the possibility of noncompliance with the mandate of the site plan ordinance, as well as defendant planning board's apparently well-founded apprehension of traffic safety and congestion problems, we reverse the trial court's deletion of the condition barring a Dune Drive curb cut and remand for an opportunity to defendant planning board to consider an exception to the site plan ordinance pursuant to N.J.S.A. 40:55D-51(b).
We agree with the trial judge that the other challenged conditions imposed by defendant planning board are invalid. Resiting the convenience food market to face Dune Drive would require a setback variance. Nor is there any factual basis in the record for such resiting. We are informed that a subsequently enacted borough ordinance requires buildings on properties abutting Dune Drive to face Dune Drive. That ordinance should not be applied retroactively to deprive plaintiff of site plan approval, to which it was entitled, with its building facing 31st Street, S.T.C. Corporation v. Planning Bd. of Tp. of Hillsborough, 194 N.J. Super. 333, 336 (App.Div. 1984).
No authority is cited in the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., or in decisional law for the final condition imposed by defendant planning board: aesthetic compliance *599 with the neighborhood. See rejecting aesthetic standards in a site plan ordinance Morristown Rd. Assoc. v. Mayor of Bernardsville, 163 N.J. Super. 58, 67 (Law Div. 1978).
We reverse the award of counsel fees and costs of $2,005.14 against defendant planning board. Counsel fees are not awardable against governmental entities in State court proceedings in this State. Any noncompliance by defendant planning board with the trial court's initial judgment was not willful in violation of plaintiff's rights, see R. 1:10-5. According to our holdings on appeal, plaintiff was not the prevailing party on all issues and should not be entitled to the allowance of costs "as of course," R. 4:42-8(a).
We affirm in part and reverse in part in accordance herewith.