227 N.J. Super. 29 (1988)
545 A.2d 786
WAWA FOOD MARKET, A CORPORATION OF THE STATE OF PENNSYLVANIA, PLAINTIFF-RESPONDENT,
v.
PLANNING BOARD OF THE BOROUGH OF SHIP BOTTOM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1988.
Decided July 15, 1988.
*31 Before Judges J.H. COLEMAN and HAVEY.
Philip G. Pagano, argued the cause for appellant (Magee & Graham, attorneys; Granville D. Magee of counsel; Philip G. Pagano on the brief).
Janine G. Bauer argued the cause for respondent (Szaferman, Lakind, Blumstein, Watter & Blader, attorneys; Arnold C. Lakind of counsel; Janine G. Bauer on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
The central issue raised by this appeal is whether a planning board may relax, as part of a site plan review, the off-street parking space and driveway width requirements contained in the municipality's zoning ordinance. Defendant Planning Board of the Borough of Ship Bottom (Board) treated plaintiff Wawa Food Market, Inc.'s (Wawa) request to deviate from the requirements as an application for a hardship variance under N.J.S.A. 40:55D-70 c(1), and denied the application. The trial judge reversed, concluding that the requirements were design standards, and that the Board had the power to grant "exceptions" from the requirements of the ordinance as part of site plan review under N.J.S.A. 40:55D-51 b. The judge determined Wawa was entitled to the "exceptions" and ordered that site plan approval be granted. We reverse and remand for further proceedings. We conclude that off-street parking space and driveway width requirements, contained in the zoning ordinance, cannot be waived or relaxed by the planning board as part of site plan review. Relief from the provisions of a zoning ordinance must be sought under the variance procedure. We therefore remand to permit Wawa to apply for a c(2) variance *32 under N.J.S.A. 40:55D-70 c(2). On remand, the Board shall also reconsider Wawa's site plan application.
Wawa is the lessee of property located at the intersection of 12th Street and Long Beach Boulevard in Ship Bottom. The property is 80' X 160' and contains an existing brick structure, now vacant, previously occupied by New Jersey Bell Telephone Company (N.J. Bell). The property is zoned commercial. Wawa applied to the Board for site plan approval and related variances to use the existing structure as a convenience store, a permitted use. It requested variances from the rear yard, side yard and distance between buildings requirements of the zoning ordinance. It also sought "variances or design waivers" from the zoning ordinance's off-street parking and driveway width requirements.
Under the zoning ordinance, one parking space for each 200 square feet of commercial use of floor area is required. Floor area used exclusively for storage is not included in the calculation. Further, one parking space for each employee must be provided. Wawa's site plan provided 2,000 square feet of floor area for the convenience store. However, approximately 450 square feet are to be utilized for a platform area exclusively by employees for food preparation. Also, Wawa expected to have three employees working at the store. Under the ordinance, 2,000 square feet of floor area and employment of three employees requires 13 parking spaces. Wawa's site plan provided for 11 spaces. The plan also provided for a 25-foot wide driveway, whereas the ordinance requires a 20-foot maximum width.
Wawa's project engineer testified that only 11 parking spaces should be required since the 450-square foot platform area would not be accessible to the public. He also stated that if the driveway was only 20 feet wide, delivery trucks would have difficulty negotiating turns on the site. Wawa's real estate manager testified that he anticipated the store would serve approximately 1,200 customers per day and the site would *33 receive 10 to 13 delivery trucks per week, including large tractor-trailers. Wawa's traffic expert testified that in his opinion 11 parking spaces were sufficient for the area and that a 25-foot driveway was necessary to permit trucks to enter and exit the site.
Six members of the public appeared in opposition to Wawa's application. Their concerns included increased traffic problems generated by the convenience store, the potential that the store will become a "hang out" for local juveniles, and inadequate parking spaces.
The Board treated Wawa's request to deviate from the parking space and driveway width requirements as an application for a "hardship" variance under N.J.S.A. 40:55D-70 c(1). By written resolution the Board denied both the site plan and variance applications, finding Wawa had
... not met the requirements for parking and the aforementioned rear and side yard setbacks and minimum distances; that the operation of this type of food market business will be detrimental to the public good and welfare of the residents, as on-site and off-site traffic will substantially increase, as well as unsafe ingress and egress of the site, as well as the detrimental effect to the immediate surrounding residences which will occur from the existence of a business operating at 24 hours and other considerations as set forth in the record and the Board further finds that the applicant has failed to show any appropriate hardship or set forth any testimony of a hardship to meet the positive criteria of the [Municipal] Land Use Act....
Wawa filed the present action in lieu of prerogative writs challenging the Board's denial. The trial judge reversed the Board and ordered approval of the site plan, concluding that no variance was required from the set-back requirements since the N.J. Bell building was a legal nonconforming structure. He also concluded the Board erroneously treated Wawa's request for relief from the parking space and driveway width requirements as a variance application. The judge held that the requirements were design standards and therefore waivable under N.J.S.A. 40:55D-51 b, which permits planning boards to grant "exceptions" from site plan regulations as part of site plan review. The judge determined Wawa was entitled to the "exceptions" and directed the Board to grant site plan approval.
*34 In our view the trial judge erred in concluding that the requirements were waivable as part of site plan review. Under N.J.S.A. 40:55D-51 b, a planning board, when acting on a site plan application:
... shall have the power to grant such exceptions from the requirements for site plan approval as may be reasonable and within the general purpose and intent of the provisions for site plan review and approval of an ordinance adopted pursuant to this article, if the literal enforcement of one or more provisions of the ordinance is impracticable or will exact undue hardship because of peculiar conditions pertaining to the land in question. [Emphasis added].
The "article" referred to in the statute is Article 6 of the Municipal Land Use Law, regulating subdivision and site plan review and approval. Therefore, by the express terms of N.J.S.A. 40:55D-51 b, on a site plan review the planning board may only grant "exceptions" from the standards set forth in the subdivision and site plan ordinances. See Cranmer v. Township of Evesham, 162 N.J. Super. 204, 210 (Ch. Div. 1978). The statute does not provide for "exceptions" from the provisions of the zoning ordinance. Here, both the parking space and driveway width requirements were contained in Ship Bottom's zoning ordinance. Thus, under the literal reading of the statute, the Board was not empowered to waive the requirements as part of site plan review.
The trial judge was of the view he was not bound by the fact that the governing body had placed the requirements in the zoning rather than site plan ordinance. We do not agree. The governing body has the exclusive local power to regulate land use, subject to the strictures imposed by enabling legislation. N.J. Const. (1947), Art. IV, § VI, par. 2; N.J.S.A. 40:55D-62; PRB Enterprises, Inc. v. South Brunswick, 105 N.J. 1, 7 (1987); Lusardi v. Curtis Point Prop. Owners Ass'n., 86 N.J. 217, 226 (1981). Once the governing body exercises its zoning power and places standards in its zoning ordinance, its action enjoys a "strong presumption in favor of validity which continues unless overcome by clear showing that it is arbitrary and unreasonable." Zilinsky v. Zoning Bd. of Adj. of Verona, 105 *35 N.J. 363, 368 (1987), quoting Davidow v. Bd. of Adj. Tp. of South Brunswick, 123 N.J. Super. 162, 166 (App.Div. 1973).
One of the purposes of zoning is to lessen vehicular congestion in the streets and highways. N.J.S.A. 40:55D-2 h. A necessary corollary to that purpose is that off-street parking requirements also advance the legitimate municipal interest in decreasing traffic congestion since vehicles, which would otherwise park on the streets, are required to park on the proposed site. See Zilinsky, supra, 105 N.J. at 369; see also 5 Yokley, Zoning Law and Practice (Michie 4th ed. 1980), § 33-1 at 299. Therefore, it was entirely reasonable for Ship Bottom to have placed the off-street parking requirement in its zoning ordinance, rather than site plan ordinance. This conclusion is further supported by reference to N.J.S.A. 40:55D-65 d which provides that a zoning ordinance may "[e]stablish ... standards for the provision of adequate physical improvements including ... off-street parking. ..." [Emphasis added]. For essentially the same reasons, we cannot conclude that the governing body was arbitrary or unreasonable in also placing the driveway width requirement in the zoning ordinance. Inherent in the governing body's legislative power to regulate the nature and extent of land use, off-street parking and loading areas, access roads and roadways, circulation facilities and the free flow of traffic, is its power to establish as a zoning standard on-site driveway requirements. See N.J.S.A. 40:55D-2 h and 40:55D-65 d; see also Zilinsky, supra, 105 N.J. at 368.
We recognize that under N.J.S.A. 40:55D-41 site plan ordinances must include standards for "[s]afe and efficient vehicular and pedestrian circulation, parking and loading[.]" The statute facially suggests that parking space and driveway standards should be incorporated within the site plan ordinance, thereby permitting waiver of the standards as part of site plan review under N.J.S.A. 40:55D-51 b.
*36 However, we read N.J.S.A. 40:55D-41 as requiring site plan ordinances to provide for standards as to the layout and configuration of proposed parking and vehicular circulation, but not as intending to vest in the planning board discretionary powers over matters the governing body has determined involve zoning considerations. Once off-street parking and driveway requirements become part of the zoning scheme, the planning board is bound by them in its site plan review. This is made clear by N.J.S.A. 40:55D-38 d, which requires site plan ordinances to contain provisions ensuring that a "site plan shall conform to the applicable provisions of the zoning ordinance...."
Relief from the standards contained in a zoning ordinance may be sought only through the variance procedure pursuant to N.J.S.A. 40:55D-70, since a "variance" is the only procedure by which one may seek "permission to depart from the literal requirements of a zoning ordinance...." N.J.S.A. 40:55D-70. To conclude otherwise would permit the planning board to "change zoning requirements in a wholesale manner, commandeering power over variances vested in the board of adjustment...." Cranmer, supra, 162 N.J. Super. at 210. Sheston Oil v. Bor. of Avalon Planning Bd., 214 N.J. Super. 593, 598 (App.Div.), certif. den. 107 N.J. 134 (1987), which held that the variance procedure was not available to seek relief from curb-cut and access-driveway requirements, is clearly distinguishable since there the standards were contained in the site plan ordinance and thus waivable as part of the site plan review pursuant to N.J.S.A. 40:55D-51 b. The question of whether the requirements should have been included in the zoning rather than site plan ordinance was not raised in Sheston.
We conclude the board properly treated Wawa's application regarding the parking space and driveway requirements as an application for a variance under N.J.S.A. 40:55D-70 c. Applying the traditional "hardship" criteria under N.J.S.A. 40:55D-70 c, see Nash v. Board of Adjustment of Morris Tp., 96 N.J. 97, *37 102 (1984); Chirichello v. Zoning Board of Adj. Monmouth Beach, 78 N.J. 544, 552 (1979), we cannot say that denial of the variance was arbitrary, capricious or unreasonable. See Charlie Brown of Chatham v. Board of Adjustment, 202 N.J. Super. 312, 321 (App.Div. 1985).
Wawa raises the argument, for the first time on appeal, that the parking lot is part of the existing N.J. Bell "structure" and thus is a protected legal nonconforming structure. The N.J. Bell facility was constructed prior to adoption of the present ordinance which requires the pertinent off-street parking requirements. N.J.S.A. 40:55D-68 provides that any nonconforming structure existing at the time of the passage of an ordinance may be continued upon the lot without the necessity of a variance.[1] Wawa argues that since the parking lot is a nonconforming structure, it is required to provide no more parking spaces than were provided for by N.J. Bell.
Arguably, a parking lot might be deemed a "structure," considering the liberal definition of that term contained in N.J.S.A. 40:55D-7. See Cox, New Jersey Zoning and Land Use Administration (1988) § 6-3.4 at 73. However, unlike the existing building, which establishes a "footprint" on the character of the property precluding compliance with the set-back requirements, the number of parking spaces is computed based on floor area and the number of employees. Thus, the number of parking spaces required is dictated by the extent and manner by which the facility is used, not the preexisting nature of the structure. Distinguishable is the case where property has been used for a particular business purpose since prior to the passage of an off-street parking ordinance. In such a circumstance, where the nature and intensity of the business remains the same, continued use of the property without off-street *38 parking is protected as a nonconforming use. See Dresner v. Carrara, 69 N.J. 237, 240 (1976).
In any event, we are not prepared to address the nonconforming structure issue on the record before us. The transcript of the Board hearing is devoid of any description of N.J. Bell's use. We do not know whether the use was "commercial," nor do we know to what extent the "floor area" of the structure was utilized. The building may well have been used chiefly for clerical purposes. We are also unable to determine to what extent the building was used for "storage." Any relief predicated on the pre-existing nonconforming nature of the "structure" must be addressed first to the Board, which is particularly well suited to resolve the issue. See Bell v. Tp. of Bass River, 196 N.J. Super. 304, 313-314 (Law Div. 1984).
Finally, we reject Wawa's argument that the 450 square foot platform area, from which the public will be excluded, should not be considered in computing the number of parking space required. The ordinance expressly states that only floor area "used exclusively for storage" is excluded from the calculation. Courts must refrain from usurping the function of the legislative body when its intent is clearly expressed. Kim Real Estate Ent. v. North Bergen Tp., 215 N.J. Super. 255, 257 (App.Div. 1987). Applying the unambiguous language of the ordinance, the Board correctly included the platform area in its calculation of square footage for parking.
Although we hold that the Board was correct in treating Wawa's application as a variance rather than a design waiver request, we are satisfied that Wawa should be permitted to apply for relief under N.J.S.A. 40:55D-70 c(2), commonly known as the "c(2)" variance procedure. No such application was made to the Board.
Subparagraph c(2) permits relief from the zoning ordinance where the purposes of the Municipal Land Use Law (MLUL) will be advanced by granting the variance, the benefits of the *39 deviation would substantially outweigh any detriment and the variance may be granted without substantial detriment to the public good or impairment of the intent and purpose of the zoning plan and ordinance. See Richard Kaufmann, et al. v. Planning Board for the Township of Warren, et al., 110 N.J. 551, 561 (1988). The intent of the Legislature in adopting c(2) was to broaden the "c" variance by permitting relief without a showing of "hardship" as required by N.J.S.A. 40:55D-70 c(1), "for a very limited class of nonhardship variances in which `the purpose of [the MLUL] would be advanced by a deviation' from zoning standards and with the benefits substantially outweighing any corresponding detriment." Kaufmann, supra, at 561; see also Trinity Baptist v. Louis Scott Hold., 219 N.J. Super. 490, 500 (App.Div. 1987).
In our view, the c(2) procedure is particularly well suited where, as here, site plan and planning aspects are dominant and the zoning variance issue is relatively incidental. See Cox, supra, § 6-3.3 at 65-68. It may well be that if the proofs are considered in the context of paragraph c(2), Wawa will be entitled to relief. However, as our Supreme Court in Kaufmann recently pronounced:
... no c(2) variance should be granted when merely the purposes of the owner will be advanced. The grant of approval must actually benefit the community in that it represents a better zoning alternative for the property. The focus of a c(2) case, then, will be not on the characteristics of the land that, in light of current zoning requirements, create a "hardship" on the owner warranting a relaxation of standards, but on the characteristics of the land that present an opportunity for improved zoning and planning that will benefit the community. [Kaufmann, supra, 110 N.J. at 563; emphasis in original].
Since no application under paragraph c(2) was made, and because the Board made no findings under that paragraph, we, of course, cannot and should not consider whether relief should be granted.
On remand to the Board for consideration of Wawa's application under paragraph c(2), the Board shall also reconsider the *40 site plan application. In remanding, it is necessary we express our unsettling feeling that the denial of Wawa's site plan may have been predicated, at least in part, on the overall nature of the proposed use. In denying the application, the Board expressed concern that "this type of food market business ... will be detrimental to the public good," and that "the existence of a business operating at 24 hours" will affect adjoining property values. Individual members feared the store will become a teenage "hang out." Such concerns must be remedied by an amendment to the zoning ordinance rather than the denial of the site plan. See PRB Enterprises, Inc. supra, 105 N.J. at 9. While site plan review gives the Board wide discretion to assure compliance with the objectives and requirements of the site plan ordinance, "it was never intended to include the legislative or quasi-judicial power to prohibit a permitted use." Id. at 7, quoting Lionel's Appliance Center, Inc. v. Citta, 156 N.J. Super. 257, 264 (Law Div. 1978).
Further, Wawa's operation as a food market per se cannot be a basis for denying a c(2) variance. The Board must: (1) consider whether the specific variances sought will advance the purposes of the MLUL; (2) weigh the benefits of the variance against "any detriment," and (3) consider whether they can be granted without substantial detriment to the public good or impairment of the intent and purpose of the zoning ordinance. In that regard, while we agree with the Board that the 450 square foot platform area does not constitute "storage area" for the purpose of computing parking spaces, the public's exclusion from the area may be a relevant factor in deciding, under a c(2) variance, whether the parking space deviation can be deemed a "detriment."
We reverse and remand to the Law Division with instructions that the matter be remanded to the Board for further proceedings in accordance with this opinion.
NOTES
[1] As we understand the Board's position on appeal, it does not challenge the trial judge's conclusion that no set-back variances from the side and rear yard requirements were required because of the existing nonconforming structure. See N.J.S.A. 40:55D-68.