239 N.J. Super. 611 (1990)
571 A.2d 1354
MICHAEL D. CRONIN, INDIVIDUALLY AND THE CROSSWICKS CREEK WATERSHED ASSOCIATION, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
THE TOWNSHIP COMMITTEE OF CHESTERFIELD TOWNSHIP, DEFENDANT, AND HERMAN LIEDTKA, INDIVIDUALLY, AND HERMAN LIEDTKA, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1990.
Decided March 22, 1990.
*612 Before Judges MICHELS, DEIGHAN and BROCHIN.
Steven M. Berlin argued the cause for appellants (Giordano, Halleran & Ciesla, attorneys; Steven M. Berlin and Sharon M. Fitzpatrick, on the brief).
*613 Janine G. Bauer argued the cause for respondents (Szaferman, Lakind, Blumstein, Watter & Blader, attorneys; Janine G. Bauer, on the brief).
Defendant, The Township Committee of Chesterfield Township did not participate in this appeal.
The opinion of the court was delivered by BROCHIN, J.A.D.
Defendant Herman Liedtka is the owner of two adjoining lots in the Township of Chesterfield known as lots 7 and 7A. Defendant Herman Liedtka, Inc. is a corporation which was engaged in excavating, mining and removing soil from those lots and selling it. Plaintiff Michael Cronin is a resident of Chesterfield and plaintiff Crosswicks Creek Watershed Association is a non-profit corporation whose complaint alleges that it was "formed for the purpose of conserving, protecting and improving the natural resources inherent in the Crosswicks Creek Watershed" and that it has numerous dues paying members who reside in close proximity to Mr. Liedtka's property.
A land-use ordinance adopted by the Township in 1961 placed Mr. Liedtka's property within a rural-agricultural district. Mining, excavating and removing soil were not permitted uses. A new land-use ordinance was adopted in 1978. That ordinance expressly prohibits the excavation of soil, except as required to construct approved structures and facilities on the property from which the soil is taken. The ordinance continued to designate the district in which Mr. Liedtka's property is located as an agricultural-residential district in which farming, dwellings, associated accessory uses and some conditional uses are permitted.
Lots 7A and 7 were originally one parcel of 73 acres of farm land. Mr. Liedtka commenced excavating, mining and removing soil in 1954. At that time he was not the owner of the property. He conducted his operations pursuant to an agreement *614 with the owner, who simultaneously conducted agricultural operations on the land.
In 1966 Mr. Liedtka entered into an agreement to purchase the property. Although he wanted to purchase the entire 73 acres, he lacked sufficient funds. The property was therefore subdivided, and he purchased 28 acres and received an option to purchase the remaining 45 acres.
The 28 acre parcel purchased by Mr. Liedtka was designated as lot 7A. It consisted of the portion of the property upon which soil removal operations had been started in 1954. The remaining 45 acre tract was designated as lot 7. Mr. Liedtka purchased lot 7 in 1969. Plaintiffs concede that defendants have a valid, nonconforming use to excavate, mine and remove soil from lot 7A. They contend, however, that that nonconforming use does not extend to lot 7. Defendants take the position that their soil removal operation is a legal nonconforming use on both lots 7 and 7A in accordance with the rule of Moore v. Bridgewater Tp., 69 N.J. Super. 1, 173 A.2d 430 (App.Div. 1961), a case which establishes special criteria for establishing a nonconforming use when that use involves the utilization of a wasting asset.
In 1986 the defendant corporation applied to the Chesterfield Township Committee for the issuance of a soil removal permit pursuant to a township ordinance regulating soil removal. According to the ordinance, no one may undertake or continue the removal of soil within the township without first obtaining a permit. Detailed conditions are established for the issuance of such a permit. In deciding whether to issue a soil removal permit, the Township Committee is directed to consider "zoning considerations," among other requirements. The ordinance also directs that the Township Committee "shall condition any approved soil removals that it may grant upon the applicant obtaining approvals from all other governmental agencies having jurisdiction thereover...."
*615 Following application by Mr. Liedtka, public hearings were held and a soil removal permit was issued. Thereafter plaintiffs commenced a suit in the Law Division challenging the issuance of the permit. During the course of that suit, the parties ascertained that the Chesterfield Soil Removal Ordinance had never been validly adopted. Consequently, summary judgment was entered in favor of the plaintiffs on the ground that the Township Committee had acted in excess of authority in granting the permit pursuant to an invalid ordinance. The soil removal ordinance was thereupon re-adopted, and Mr. Liedtka again applied to the Township Committee for a permit. The Township Committee took judicial notice of the evidence which had been presented during the hearings held in connection with Mr. Liedtka's prior application, and it issued a new permit authorizing him to remove soil from lots 7 and 7A.
The soil removal permit issued by Chesterfield Township summarized at some length the facts and circumstances which, in the view of the Township Committee, justified and conditioned its issuance. The permit described the days of the week and hours of the day during which the soil removal operation would proceed, the number of trucks, loaders and bulldozers that would be involved, the efforts that would be taken and the provisions that would be made to restore the site and prevent erosion, and it explained why the noise generated by the operation would be unobjectionable and why the operation would not cause pollution.
Zoning considerations are prominently discussed. The soil removal permit states:
The Township Committee finds and determines that the soil removal and mining operation on Lot 7A, Block 204 is a nonconforming use in the "agricultural-residential" zoning district in which the property is located as a result of subsequent modifications to the Zoning and Land Development Ordinances. The Committee also finds and determines that said use has been continuous and is entitled to the "grandfather" privileges prescribed by N.J.S.A. 40:55D-68 and that such use is thus legally entitled to continue over and across Lot 7A.
The Township Committee further finds and determines that soil removal operations are not limited to that portion, quadrant or tract of land within Block 204, Lot 7A which was being mined prior to designation of the area as *616 "agricultural-residential" under the Township's zoning regulations but may be expanded beyond this area, subject to such limitations and restrictions as mandated by the Township in line with the common law principles enunciated by the Superior Court, Appellate Division in Moore v. Bridgewater Twp., supra.

* * * * * * * *
The Township Committee finds and determines from the testimony and evidence presented that the Applicant has shown sufficient manifestation of intent to use both tracts of land as one parcel of land in his mining, soil removal and excavation operation and that the subdivision in 1966 which divided the 73 acre parcel of land was done solely for financial convenience. The Township Committee further finds and determines that the Lot 7 parcel constitutes an integral part of the overall soil removal and mining operation notwithstanding the fact that it is not yet under actual excavation.
Plaintiffs filed a complaint and an amended complaint in lieu of prerogative writs challenging the issuance of the soil removal permit on the ground that soil removal from lot 7 was an illegal expansion of a nonconforming use without a proper variance. Thereafter, the parties made cross-motions for summary judgment. The court granted plaintiffs' motion and ultimately entered a permanent injunction against mining on lot 7 unless Mr. Liedtka first obtained approval from the Zoning Board of Adjustment. Defendants appealed.
The basis for the trial judge's grant of summary judgment in favor of the plaintiffs was that "the action of the Township Committee was ultra vires because it made a zoning decision which is reserved to the zoning board or the planning board and cannot be made by the Township Committee. The entire permit in this case rests upon that determination." The court found that continuing to mine soil on lot 7 was a zoning violation which was causing irreparable injury, and it therefore issued a permanent injunction against soil removal on lot 7.
On appeal, defendants argue that Mr. Liedtka was not required to establish his nonconforming use before the zoning board of adjustment as a condition for issuance of a soil removal permit. They also contend that the Township Committee was entitled to rely on a certificate of nonconforming use issued to Mr. Liedtka by the Township Administrative Officer *617 in 1987, that plaintiffs do not have standing, and that a permanent injunction should not have been issued because plaintiffs did not succeed on the merits of their claim that Mr. Liedtka does not have a nonconforming use on lot 7.
Although lack of standing was pleaded in defendants' answer, it was never argued before the trial court. Consequently, plaintiffs had no occasion to prove, for example, as they allege in their brief, that members of the plaintiff association lived across the street from defendants' soil removal operation. That fact, if proved, would surely establish plaintiffs' standing. See N.J.S.A. 40:55D-18 ("... an interested party ... may institute any appropriate action ... to prevent ... unlawful... maintenance or use ... of ... building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises."); N.J.S.A. 40:55D-4 ("`Interested party' means: (b) ... any person ... whose right to use, acquire or enjoy property is or may be affected by any action taken under this act ... or a failure to act under this act."); Rose v. Chaikin, 187 N.J. Super. 210, 453 A.2d 1378 (Ch.Div. 1982). Consequently, we will not consider the question of plaintiff's standing for the first time on appeal.
The decisive issue in this proceeding is whether, under the facts of this case, the Township Committee could validly issue the soil removal permit without Mr. Liedka's first having obtained a determination by the board of adjustment that he had a valid nonconforming use. For the following reasons, we agree with the trial judge that without a prior determination by the board of adjustment, issuance of the soil removal permit was improper.
Mr. Liedka's soil removal operation on lot 7 was illegal unless it was a valid nonconforming use. The Township Committee, of course, could not extend a nonconforming use by ordinance or by any other exercise of its governmental powers (except by a valid amendment of the zoning ordinance). Avalon Home & Land Owners v. Bor. of Avalon, 111 N.J. 205, *618 211-213, 543 A.2d 950 (1988). Because the spirit of our zoning laws is to restrict nonconforming uses, they "may not be enlarged as of right except where the enlargement is so negligible or insubstantial that it does not fairly warrant judicial or administrative notice or interference." Grundlehner v. Dangler, 29 N.J. 256, 263, 148 A.2d 806 (1959) Consequently, the Chesterfield Township Committee could not assume that Mr. Liedka's soil removal operation on lot 7 was a valid nonconforming use. His application for a soil removal permit therefore raised a substantial legal question.
For the Township Committee to have undertaken to answer that question was contrary to the thrust of the municipal land use law. N.J.S.A. 40:55D-68 authorizes any person interested in any land upon which a nonconforming use exists to apply to the board of adjustment for the issuance of a certificate certifying that the use is a nonconforming use which pre-existed the ordinance which rendered it nonconforming.[1] Significantly for purposes of this case, N.J.S.A. 40:55D-20 states:
Any power expressly authorized by this act to be exercised by ... [a] board of adjustment shall not be exercised by any other body, except as otherwise provided in this act.
Cf. Bell v. Township of Bass River, 196 N.J. Super. 304, 315, 482 A.2d 208 (Law Div. 1984)
In Koslow, et al. v. Municipal Council of Tp. of Wayne, 52 N.J. 441, 450, 245 A.2d 729 (1968), the Supreme Court stated:
A soil removal ordinance is in essence another tool of municipal planning.... It cannot be construed and applied with blinders and without relation to other enactments in aid of the same general purpose, especially zoning and subdivision regulation ordinances. Certainly a permit cannot validly be granted for *619 what clearly amounts to commercial soil removal in a residential district where such an activity is not a permitted use under the zoning ordinance....
In addition, where a soil removal application bears upon ultimate subdivision of the land involved, we believe it is inherent in the scheme of things that the initial decision of the matter rest with the Planning Board under its broad and salutary powers to regulate land development in the interest of the paramount general welfare of the entire community. [Citations omitted] Such a soil removal application should not be considered by the agency authorized to pass thereon unless and until the Planning Board has decided in connection with tentative subdivision approval that the reasonable development of the particular tract requires substantial soil removal. .. .
In the present case, the soil removal permit did not "[bear] ... upon ultimate subdivision" as in Koslow supra. Therefore a prior decision by the planning board was not required. However, the authorization of soil removal in a district where that activity was prohibited did affect the integrity of the zoning plan and therefore impinged on the responsibilities of the board of adjustment. Therefore the implication of Koslow for the present case is that the Chesterfield Township Committee should not have issued a permit to Mr. Liedka for soil removal on lot 7 until the board of adjustment had first determined that his operation on that lot was a valid nonconforming use. Without such a determination, the permit was ineffective to validate the soil removal operation in a district where it was prohibited by the zoning ordinance.
The trial court properly declined to determine for itself whether or not Mr. Liedtka had a valid nonconforming use to remove soil from lot 7. The doctrine of exhaustion of administrative remedies requires that that determination should ordinarily be made in the first instance by the board of adjustment. Wawa Food Market v. Planning Bd., 227 N.J. Super. 29, 38, 545 A.2d 786 (App.Div.), certif. den. 114 N.J. 299, 554 A.2d 853 (1988).
Because there was no authoritative determination by the zoning board that Mr. Liedtka's soil removal operation on lot 7 was a valid nonconforming use, the operation was presumptively in violation of the Township of Chesterfield's zoning ordinance. *620 The trial court's issuance of an injunction against soil removal from lot 7 was therefore proper.
The judgment of the trial court is therefore affirmed.
NOTES
[1] N.J.S.A. 40:55D-68 also authorizes such an application to be made to the municipal administrative officer within one year of the adoption of the ordinance which rendered the use or structure nonconforming. In the present case, Liedtka applied to the administrative officer and obtained a certificate. However, he did so far longer than one year after the adoption of the ordinance which rendered the use or structure nonconforming. Accordingly, the trial court properly held that the certificate was of no effect.