**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3113-24

G&B BUSINESS ASSOCIATES,
INC.,

     Plaintiff-Appellant,

v.

WEST WINDSOR TOWNSHIP
PLANNING BOARD and
QUICKCHECK CORPORATION,[1]
as Substituted Party for ER/UDC
WEST WINDSOR, LLC,

     Defendants-Respondents.

_____

Submitted March 4, 2026 – Decided April 2, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1398-24.

Stevens & Lee, PC, attorneys for appellant (Kevin J. Moore, Bradley L. Mitchell, and Trevor J. Cooper, of counsel and on the briefs).

---

[1] The correct corporate name is QuickChek Corporation.

Fox Rothschild LLP, attorneys for respondent QuickChek Corporation; and Muller & Baillie, PC, attorneys for respondent West Windsor Township Planning Board (Elizabeth J. Hampton, Michael W. Sabo, Gerald Muller, and Martina Baillie, of counsel and on the joint brief).

PER CURIAM

Plaintiff G&B Business Associates, Inc. appeals from an April 21, 2025 order dismissing its complaint in lieu of prerogative writs against defendants QuickChek Corporation (QuickChek) as the substituted party in interest for ER/UDC West Windsor, LLC (ER/UDC) and the West Windsor Township (Township) Planning Board (Board). We affirm substantially for the reasons stated in the comprehensive twenty-three-page written decision issued by Assignment Judge Robert Lougy.

We presume the parties are familiar with the facts. Thus, a summary shall suffice.

ER/UDC owns property in the B-2A zone (Property) in West Windsor Township. Plaintiff operates a gasoline station and convenience store near the Property. QuickChek's proposed gasoline station and convenience store could potentially divert customers from plaintiff's business operations.

ER/UDC sought Board approval to consolidate its existing lots and then subdivide the Property into two lots to develop a twenty-four-hour QuickChek

convenience store and gasoline station on one lot and a drive-through restaurant on the other lot. In its application, ER/UDC requested preliminary and final site plan approval which included twenty-one design waivers, also known as exceptions, from the Township's site plan ordinances.

The Board held two public hearings on ER/UDC's application.[2] At the hearings, ER/UDC presented plans, engineering reports, and testimony from QuickChek's manager, QuickChek's in-house engineer, an architect, a traffic engineer, and a planner. Plaintiff appeared through counsel as an objector at both hearings.

After considering the documents and testimony introduced at the public hearings,[3] the Board issued a comprehensive forty-page written resolution dated February 7, 2024. In the resolution, the Board memorialized its reasons for approving ER/UDC's site plan and all requested waivers. The waivers requested by ER/UDC were grouped as follows: parking and loading, circulation and

---

[2] Between the first and second hearings, ER/UDC made minor revisions to its application. In the revised application, ER/UDC reduced the size of the proposed monument and wall-mounted signs and the proposed size of the cornice atop the fuel pump canopy. Additionally, it revised the submitted landscaping and lighting plans.

[3] Plaintiff did not proffer any countervailing expert testimony or documents.

access, signage, and lighting. The resolution explicitly stated the Board's bases for granting each waiver as part of the site plan approval.

On July 18, 2024, plaintiff filed a complaint in lieu of prerogative writs alleging the Board's decision to grant ER/UDC's requested waivers usurped the authority vested exclusively with the Township's governing body and was arbitrary, capricious, and unreasonable.

The Board filed an answer. QuickChek moved to intervene and be substituted as a party-in-interest for ER/UDC, which Judge Lougy granted. QuickChek subsequently filed an answer. The judge ordered the parties to file dispositive briefs addressing the issues in plaintiff's complaint.

The judge conducted a bench trial on April 14, 2025. In an April 21, 2025 order, with an attached written statement of reasons, the judge dismissed plaintiff's complaint with prejudice.

In his written decision, the judge extensively summarized the testimony supporting each of twenty-one waivers requested by ER/UDC as part of the site plan approval. The judge also relied on the Board's forty-page resolution setting forth the Board's factual findings and reciting the unique characteristics of the Property in support of the requested waivers. Regarding the waivers, the judge cited the Board's finding that the waivers related to the "peculiar conditions and

shape of the Property, which constrain[ed] development in ways that [we]re not typical and were . . . supported by the Township's experts."  After reviewing the testimony and evidence presented to the Board, the judge concluded the Board's findings were supported by the record and the site plan approval with associated waivers was not arbitrary, capricious, or unreasonable.

The judge also concluded the Board's issuance of the waivers did not usurp the Township's legislative authority.  The judge rejected plaintiff's argument that issuance of waivers should be held to the same level of review as the issuance of variances.  Citing Burbridge v. Township of Mine Hill, 117 N.J. 376, 385 (1990), the judge explained:  "By its very nature, a variance carries the risk of upending a municipality's zoning plan."  Conversely, the judge determined the waivers issued by the Board did not implicate any zoning issues or alter the character of the B-2A zone.  The judge found the waivers were "not the sort of township-altering change that results from the thwarting of a municipality's zoning plan."

On appeal, plaintiff renews the same arguments presented to Judge Lougy. Plaintiff argues the Board usurped the Township's authority because the legal standard for the issuance of waivers should be the same as variances.  As such, plaintiff contends the waivers substantially altered the character of the B-2A

zone. Additionally, plaintiff asserts the Board's approval of ER/UDC's site plan and waivers was arbitrary, capricious, unreasonable, and not supported by the record.

We disagree and affirm for the reasons stated by Judge Lougy in his comprehensive and thorough written decision. We add the following comments.

We review a trial judge's decision regarding the validity of a municipal board's determination by applying the same standard as the trial court. Jacoby v. Zoning Bd. of Adjustment, 442 N.J. Super. 450, 462 (App. Div. 2015) (citing Fallone Properties, L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "[C]ourts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law." Lang v. Zoning Bd. of Adjustment, 160 N.J. 41, 58-59 (1999).

In reviewing decisions by local boards, courts are mindful that the Legislature vested boards with discretion related to decisions reflecting the character and level of development within their community. See Booth v. Bd. of Adjustment, 50 N.J. 302, 306 (1967). A board's decision is accorded a rebuttable presumption of validity. Harvard Enterprises, Inc. v. Bd. of Adjustment, 56 N.J. 362, 368 (1970). A board's decision "may be set aside only

when it is 'arbitrary, capricious[,] or unreasonable.'" Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002) (quoting Medici v. BPR Co., 107 N.J. 1, 15 (1987)).

"[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion." Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 597 (2005). "The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Ibid. (citations omitted).

"[W]hen a party challenges a . . . board's decision through an action in lieu of prerogative writs, the . . . board's decision is entitled to deference." Kane Properties, LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). The burden is on the challenging party to overcome this highly deferential standard of review. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013).

The court may not substitute its judgment over the judgment of the local board absent a clear abuse of discretion. Cell S. of N.J., 172 N.J. at 81-82 (citing Medical Realty Assocs. v. Bd. of Adjustment, 228 N.J. Super. 226, 233 (App. Div. 1988)). "Even were [the court] to harbor reservations as to the good judgment of a local land use agency's decision, 'there can be no judicial

7

declaration of invalidity in the absence of clear abuse of discretion by the public agencies involved.'" CBS Outdoor, Inc. v. Borough of Lebanon Plan. Bd./Bd. of Adjustment, 414 N.J. Super. 563, 577 (App. Div. 2010) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965)).

N.J.S.A. 40:55D-70(c) provides zoning boards of adjustment[4] the authority to grant variances from zoning ordinances where

> by reason of exceptional narrowness, shallowness or shape of a specific piece of property, or [] by reason of exceptional topographic conditions or physical features uniquely affecting a specific piece of property, or [] by reason of an extraordinary and exceptional situation uniquely affecting a specific piece of property or the structures lawfully existing thereon, the strict application of any [zoning] regulation . . . would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the developer of such property.

"[T]he variance power . . . is intended merely to accommodate individual situations where relief from the applicable ordinance is warranted." Twp. of N. Brunswick v. Zoning Bd. of Adjustment, 378 N.J. Super. 485, 490 (App. Div. 2005) (citations omitted). In granting a variance, planning boards may not "usurp[] power reserved to the municipal governing body or another duly

---

[4] N.J.S.A. 40:55D-60(a) extends the power to grant variances to planning boards.

authorized municipal official." Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citing Leimann v. Bd. of Adjustment of Cranford, 9 N.J. 336, 340 (1952)).

N.J.S.A. 40:55D-51(b) grants planning boards the authority to

> grant such exceptions from the requirements for subdivision approval as may be reasonable and within the general purpose and intent of the provisions for subdivision review and approval of an ordinance adopted pursuant to this article, if the literal enforcement of one or more provisions of the ordinance is impracticable or will exact undue hardship because of peculiar conditions pertaining to the land in question.

N.J.S.A. 40:55D-51(b) gives a planning board the authority to grant exceptions from subdivision and site plan ordinances but not from zoning ordinances. See Wawa Food Market v. Plan. Bd. of Ship Bottom, 227 N.J. Super. 29, 34 (App. Div. 1988). A waiver from an ordinance provision may be granted so long as it is "reasonable," "within the general purpose and intent of the provisions," and if strict enforcement is "impracticable" or "will exact undue hardship because of peculiar conditions pertaining to the land." N.J.S.A. 40:55D-51(b).

In contrast, a variance under N.J.S.A. 40:55D-70(c) must be necessitated by "exceptional narrowness, shallowness or shape of a specific piece of property," "exceptional topographic conditions or physical features uniquely

9

affecting a specific piece of property," or "an extraordinary and exceptional situation uniquely affecting a specific piece of property" that would create "peculiar and exceptional practical difficulties" or "exceptional and undue hardship" under strict enforcement of the zoning regulations.

Plaintiff argues the Board should have treated the requested waivers as if ER/UDC had requested variances. Plaintiff's argument fails to appreciate the distinction between a zoning board of adjustment's grant of a variance under N.J.S.A. 40:55D-70(c) and a planning board's grant of exceptions or waivers under N.J.S.A. 40:55D-51(b). The two statutes have different purposes. Moreover, the use of the words "extraordinary" and "exceptional" in support of granting variances, and the lack of such adjectives in describing the conditions for granting waivers, evidences the higher standard to be applied when considering a request for a variance as compared to a waiver.

Here, the Board found "[w]aivers [we]re a materially different kind of relief than variances under the Municipal Land Use [L]aw,[5] and [we]re far more liberally granted than variances, for obvious reasons." Based on the unique peculiar characteristics of the Property and the undue hardship resulting from literal enforcement of the Township's site plan ordinances, the Board deemed

---

[5] N.J.S.A. 40:55D-1 to -171.

ER/UDC's waiver requests reasonable under N.J.S.A. 40:55D-51(b). Having reviewed the record, we are satisfied the judge properly rejected plaintiff's argument that the standard for granting waivers should be the same as the standard for granting variances.

Nor did the Board's granting of the waivers usurp the Township's authority. To prevail on this claim, plaintiff had to demonstrate the waivers substantially altered the character of the B-2A zone. See Dover Twp. v. Bd. of Adjustment, 158 N.J. Super. 401, 412-13 (App. Div. 1978). In determining whether waivers alter the character of a particular zone within a municipality, a court should consider "(1) the size of the tract; (2) the size of the tract relative to the size and character of the district in which it is located and of the municipality as a whole; (3) the number of parcels into which the tract will be subdivided; and (4) the nature and extent of the variation from district regulations that is sought." N. Brunswick, 378 N.J. Super. at 491 (citing Dover, 158 N.J. Super. at 413).

Plaintiff mistakenly relies on North Brunswick in support of its argument regarding this issue. In North Brunswick, we affirmed the trial court's determination that the issuance of a variance to construct an eighty-five unit apartment building, creating twenty-three units per acre with a height limit of

11

53.5 feet, in a zone allowing no more than 2.9 units per acre with a height limit of 30 feet, "grossly exceeded the limitations" of the municipality's zoning ordinance which was aimed specifically at "avoiding excessive density in [a] predominately residential neighborhood." Id. at 494. We concluded the local board "improperly arrogated to itself the power to substitute its idea of an appropriate zone plan" by granting variance relief. Ibid. (citations omitted).

This case involves the issuance of waivers, not variances. The proposed use of the Property is permitted in the B-2A zone and, therefore, no variances were required. Moreover, the waivers granted by the Board had a significantly lesser impact on the municipality's zoning ordinance than the variance granted by the local board in North Brunswick. Further, the waivers were consistent with the Township's zoning ordinances governing development in the B-2A zone.

Nor is the number of waivers granted by the Board a basis for reversing the Board's site plan approval. The waivers, though numerous, were consistent with the commercial character of the B-2A zone and were supported by ample credible evidence. Because plaintiff failed to meet its burden, the Board did not usurp the authority of the Township's governing body in granting the waivers.

To the extent we have not addressed any of plaintiff's remaining arguments, the arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3113-24